*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0064p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

    *v.*

ALVIN VONNER,

      *Defendant-Appellant.*

No. 05-5295

>

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 03-00154—Thomas A. Varlan, District Judge.

Argued: September 12, 2007

Decided and Filed: February 7, 2008

Before: BOGGS, Chief Judge; MARTIN, SILER, BATCHELDER, DAUGHTREY, MOORE, COLE, CLAY, GILMAN, GIBBONS, ROGERS, SUTTON, COOK, McKEAGUE, and GRIFFIN, Circuit Judges.

---

## COUNSEL

**ARGUED:** Stephen Ross Johnson, RITCHIE, DILLARD & DAVIES, Knoxville, Tennessee, for Appellant. Charles E. Atchley, Jr., ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Stephen Ross Johnson, RITCHIE, DILLARD & DAVIES, Knoxville, Tennessee, for Appellant. Charles E. Atchley, Jr., ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. Ann C. Short-Bowers, THE BOSCH LAW FIRM, P.C., Knoxville, Tennessee, David M. Eldridge, ELDRIDGE & BLAKNEY, Knoxville, Tennessee, Henry A. Martin, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Amici Curiae.

     SUTTON, J., delivered the opinion of the court, in which BOGGS, C. J., SILER, BATCHELDER, GIBBONS, ROGERS, COOK, McKEAGUE, and GRIFFIN, JJ., joined. MARTIN, J. (pp. 10-12), delivered a separate dissenting opinion, in which COLE and CLAY, JJ., joined. CLAY, J. (pp. 13-22), delivered a separate dissenting opinion, in which MARTIN, DAUGHTREY, MOORE, COLE, and GILMAN, JJ., joined. MOORE, J. (pp. 23-28), delivered a separate dissenting opinion, in which MARTIN, DAUGHTREY, COLE, and CLAY, JJ., joined.

1

_____

**OPINION**

_____

SUTTON, Circuit Judge.  Alvin Vonner argues that his 117-month sentence violates the Sixth Amendment and is unreasonable.  We disagree because (1) district courts may, consistent with the Sixth Amendment, find sentencing facts in applying the now-advisory sentencing guidelines, (2) Vonner forfeited his argument that the district court failed adequately to explain its rejection of his arguments for leniency and cannot show plain error and (3) his within-guidelines sentence is reasonable.

I.

Less than three months after completing a prison sentence for second-degree murder, Alvin Vonner sold crack cocaine to a government informant on two separate occasions.  A grand jury indicted Vonner for distributing at least five grams of cocaine base, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), after which, consistent with the terms of a plea agreement between Vonner and the government, he pleaded guilty.

The presentence report calculated Vonner's criminal history category (III) and his offense level (29), which intersected at an advisory guidelines range of 108 to 135 months.  Vonner did not object to the report.

At the sentencing hearing, which took place three weeks after the Court decided *United States v. Booker*, 543 U.S. 220 (2005), Vonner sought a downward variance based on (1) the mental and emotional trauma he suffered from a "neglect[ed]" and "abus[ive]" childhood, (2) "the nature and the length of [his] Pre-Sentence confinement," which lasted fourteen months, (3) his "assistance to the Government" and (4) the circumstances surrounding his cocaine sales.  Vonner also argued that the court, by increasing the guidelines range based on a drug quantity never proved beyond a reasonable doubt to a jury or admitted by him, violated the Sixth Amendment.

After listening to these arguments and after hearing the government's response, the court told Vonner that it "appreciate[d] the apology [he] offered this morning," and it "encourage[d]" him to continue to cooperate with the government and to dedicate his prison time to learning "certain life skills and lifestyles that will be of benefit to [him] when [his] period of incarceration is over." "[C]onsider[ing] the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. §] 3553(a)," the court sentenced Vonner to 117 months.  The court also recommended that Vonner receive substance-abuse treatment in prison, and it waived Vonner's fine due to his inability to pay it.  After announcing the sentence, the court asked Vonner's counsel whether "the defendant [has] any objection to the sentence just pronounced not previously raised."  Vonner's counsel responded, "No, Your Honor."

II.

Vonner first argues that his sentence violates the Sixth Amendment because it was based on facts he never admitted and no jury ever found beyond a reasonable doubt.  He is wrong for two reasons:  By failing to object to the presentence report, Vonner accepted all of the factual allegations contained in it, *United States v. Adkins*, 429 F.3d 631, 632–33 (6th Cir. 2005); and by finding sentencing facts in calculating Vonner's guidelines range, the district court did not violate the Sixth Amendment so long as it treated the guidelines as advisory, which it did in sentencing him, *see Booker*, 543 U.S. at 245–46.

III.

Vonner next argues that the district court failed to explain in sufficient detail why it rejected some of his arguments for a downward variance. At a sentencing hearing, as at every other phase of a criminal proceeding, each party has a duty to object to rulings by a court in order to preserve them for appeal. "A party," the Criminal Rules say, "may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). "If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party." *Id.* A party who neglects to make an objection, even after being given "an opportunity" to do so, forfeits the argument and may obtain relief on appeal only if the error is "plain" and "affects substantial rights." Fed. R. Crim. P. 52(b).

In *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), we wrestled with the difficulty of "parsing a [sentencing] transcript to determine whether . . . a party had a meaningful opportunity to object" and of determining whether plain-error review should apply. *Id.* at 873 n.6. In an effort to bring some clarity to the matter and to ensure that plain-error review applied only when the parties fairly were given a chance to object to the sentencing procedure, *Bostic* suggested that district courts, after announcing a proposed sentence, "ask the parties whether they have any objections to the sentence . . . that have not previously been raised." *Id.* at 872. If a sentencing judge asks this question and if the relevant party does not object, then plain-error review applies on appeal to those arguments not preserved in the district court. *Id.* at 872–73. In adopting this approach, *Bostic* reasoned that it would give the prosecution and defense alike an opportunity to articulate "any objection and the grounds therefor"; it would "aid the district court in correcting any error" and allow it to do so "on the spot"; and it would facilitate the appellate process by highlighting "precisely which objections have been preserved." *Id.* at 873 (internal quotation marks omitted).

We have applied *Bostic* to sentencing appeals before *Booker*, and we have done so since *Booker* in numerous published and unpublished cases. *See United States v. Brogdon*, 503 F.3d 555, 562–63 (6th Cir. 2007); *United States v. Brock*, 501 F.3d 762, 773 (6th Cir. 2007); *United States v. Simmons*, 501 F.3d 620, 623–24 (6th Cir. 2007); *United States v. Caver*, 470 F.3d 220, 235 (6th Cir. 2006); *see also United States v. Key*, No. 05–6277, 2007 WL 4293456, at *5 (6th Cir. Dec. 6, 2007); *United States v. Darden*, No. 06–1767, 2007 WL 3329454, at *2 (6th Cir. Nov. 7, 2007); *United States v. Muse*, No. 06–4372, 2007 WL 2962526, at *2 (6th Cir. Oct. 10, 2007); *United States v. Grant*, No. 05–4137, 2007 WL 2617179, at *3 (6th Cir. Sept. 7, 2007); *United States v. Scadin*, No. 06–2086, 2007 WL 2461868, at *1 (6th Cir. Aug. 29, 2007); *United States v. Bowden*, 240 F. App'x 56, 58–59 (6th Cir. Aug. 24, 2007); *United States v. Wilson*, 232 F. App'x 540, 545 (6th Cir. Aug. 10, 2007); *United States v. Duncan*, 236 F. App'x 168, 170 (6th Cir. May 31, 2007); *United States v. Ruiz-Chavez*, 224 F. App'x 467, 469–70 (6th Cir. Mar. 28, 2007); *United States v. Saffore*, 216 F. App'x 531, 532 (6th Cir. Feb. 6, 2007); *United States v. Harden*, 195 F. App'x 382, 385 (6th Cir. Aug. 16, 2006); *United States v. Carroll*, 189 F. App'x 450, 454 (6th Cir. July 19, 2006); *United States v. Willis*, 176 F. App'x 653, 656–57 (6th Cir. Apr. 20, 2006); *United States v. Parks*, 155 F. App'x 841, 842 (6th Cir. Nov. 21, 2005). Vonner did not argue either in his original appellate briefs or in his supplemental en banc briefs that *Bostic* should be overruled or that it otherwise should not apply to our review of post-*Booker* sentences.

*Bostic* governs Vonner's claim that the district court failed to explain fully why it rejected some of his requests for leniency. After announcing the proposed sentence, the court asked each party whether it "ha[d] any objection to the sentence just pronounced not previously raised." "No, Your Honor," Vonner's counsel responded. While this answer did not undermine Vonner's right to appeal issues he had "previously raised," it did undermine his right to challenge the adequacy of the court's explanation for the sentence—an issue that became apparent as soon as the court finished

announcing its proposed sentence and that counsel nonetheless declined the court's invitation to address. *Bostic*, 371 F.3d at 872–73.

Under *Bostic*, we review this challenge for plain error, which requires Vonner to show (1) error (2) that "was obvious or clear," (3) that "affected defendant's substantial rights" and (4) that "affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (internal quotation marks omitted). "[O]nly in exceptional circumstances" will we find such error—only, we have said, "where the error is so plain that the trial judge . . . [was] derelict in countenancing it." *Id.* (internal quotation marks omitted).

At the sentencing hearing, Vonner asked for a downward variance on four grounds: (1) his "neglect[ed]" and "abus[ive]" childhood; (2) his 14-month presentence confinement; (3) his "assistance to the Government"; and (4) the circumstances surrounding his cocaine sales. The court told Vonner, among other things, that it "appreciate[d] the apology [he] offered this morning," and it "encouraged" him to continue to cooperate with the government and to dedicate his prison time to learning "certain life skills and lifestyles that will be of benefit to [him] when [his] period of incarceration is over." It then said that it had "considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. §] 3553(a)," and imposed a 117-month sentence.

No one would call this explanation ideal. It did not specifically address all of Vonner's arguments for leniency, and it thus failed to ensure that the defendant, the public and, if necessary, the court of appeals understood why the trial court picked the sentence it did. Whether through an oral sentencing decision or a written sentencing memorandum, a trial court would do well to say more—not because it necessarily must on pain of reversal but because a court is more likely to advance the goals of sentencing if it clearly explains to the defendant why the court denied his request for leniency. *See Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) ("[O]ften at sentencing a judge will speak at length to a defendant, and this practice may indeed serve a salutary purpose."). A district court's thorough explanation also "can provide relevant information to both the court of appeals and ultimately to the Sentencing Commission," which will facilitate appellate review and will "help the Guidelines constructively evolve over time, as both Congress and the Commission foresaw." *Id.* at 2469.

In fairness to the district court, it sentenced Vonner just three weeks after the Court decided *Booker*—at a time when district and appellate courts around the country were grappling with the implementation of this new system of sentencing. For this reason and for the reason that plain-error review gives us another, more straightforward way to handle this appeal, we need not address the first step of plain-error review: Did the court err?

Whether the court's brief explanation for this sentence sufficed or not, any potential error was not "plain." Although Congress requires a court to give "the reasons" for its sentence, 18 U.S.C. § 3553(c), it does not say that courts must give the reasons for rejecting any and all arguments by the parties for alternative sentences. The statute also distinguishes between within-guidelines sentences like this one and outside-guidelines sentences, requiring judges to give "the specific reason" for imposing an outside-guidelines sentence, 18 U.S.C. § 3553(c)(2), but imposing no similar requirement for within-guidelines sentences. (Section 3553(c)(1), it is true, requires district court judges to explain why they sentence individuals at a certain point within guidelines ranges that exceed 24 months. While Vonner's guidelines range of 108 to 135 months exceeds 24 months, Vonner did not raise this argument on appeal or for that matter argue below (or on appeal) for anything but a *below*-guidelines sentence.)

Consistent with the statute, *Rita* also suggests a distinction between within- and outside-guidelines sentences, saying that, where a judge imposes a within-guidelines sentence, he "will

*normally* . . . explain why he has rejected . . . arguments" for a different sentence, but insisting that, "[w]here the judge imposes a sentence outside the Guidelines, the judge *will* explain why he has done so." *Rita*, 127 S. Ct. at 2468 (emphases added). At the same time that the Court encourages district court judges to give "reasoned" explanations for *all* sentencing decisions (as indeed do we), it confirms that "[t]he law leaves much, in this respect, to the judge's own professional judgment." *Id.* "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not." *Id.*

That flexibility is particularly relevant when the district court agrees with the Sentencing Commission's recommendations. "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation" because "[c]ircumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case." *Id.*; *see also id.* at 2469 ("Where a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."). In this setting, the question is whether "[t]he record makes clear that the sentencing judge listened to each argument," "considered the supporting evidence," was "fully aware" of the defendant's circumstances and took "them into account" in sentencing him. *Id.* at 2469.

Vonner has not shown that the trial court *plainly* violated its duty to "analyze[] the relevant sentencing factors" and his arguments for leniency. *Id.* at 2468. The judge mentioned the § 3553(a) factors that were directly relevant to Vonner's pleas for leniency—"the nature and circumstances of the offense, [and] the history and characteristics of the defendant." He showed that he understood Vonner's argument that he had cooperated with the government. *See, e.g.*, JA 135 (Court to Vonner: "There's been made mention of not only your cooperation today, but your encouraged cooperation. And the Court would certainly encourage you to continue in that regard."). And he showed that he understood Vonner's argument that he was selling cocaine because that was the only way he could get back on his feet after his release from prison. *See, e.g.*, JA 134–35 (Court to Vonner: "[W]hile I know you need help and are asking for help . . . once that period of incarceration is over, . . . I would encourage you, as you heard somebody here this morning, during your period of incarceration to . . . dedicat[e] yourself to hopefully learning the proper tools and education and other matters that [will] be offered to you [in prison and] that . . . will be of benefit to you when your period of incarceration is over.").

Vonner's arguments were conceptually straightforward, and the district court imposed a within-guidelines sentence. Nothing in the "record," or the "context" of the hearing, suggests that the court did not "listen[]" to, "consider[]" and understand every argument Vonner made. *Rita*, 127 S. Ct. at 2469. On this record, we cannot say that any error was so plain or obvious that the judge was "derelict in countenancing it." *Gardiner*, 463 F.3d at 459 (internal quotation marks omitted).

Vonner resists this conclusion on the ground that Rule 32 of the Federal Rules of Criminal Procedure required the district court to address his arguments for a lower sentence more thoroughly. "At sentencing," Rule 32(i)(3)(B) says, "the court must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).

As Vonner sees it, his leniency arguments amounted to "controverted matter[s]" under the rule, requiring the district court to address each of them more fully. But plain-error review applies to this argument as well because he did not raise it below, even after the district court gave him an opportunity to do so. He cannot show any error, much less plain error.

Rule 32(i)(3)(B) says that the court "must . . . rule" on these arguments, not that the court must give a lengthy explanation for its ruling, and the court did "rule" on these arguments by declining to give Vonner a lower sentence. In addition, as the Eleventh Circuit recently explained in rejecting a similar claim, "[c]ontroverted" matters refer to those that are "dispute[d] or oppose[d] by reasoning." *United States v. Lopez*, 215 F. App'x 863, 867 (11th Cir. Jan. 26, 2007) (per curiam) (quoting Webster's Collegiate Dictionary 252 (10th ed. 1993)). Here, the government did not dispute that Vonner had a rough childhood or that he had cooperated with the investigation. Vonner recognized as much in his initial brief. *See* Br. at 10 ("It is undisputed that Mr. Vonner suffered abuse, abandonment, violence, neglect, and trauma as a young child."); *id.* at 16–17. Nor did the government dispute the circumstances surrounding Vonner's offense or the nature and length of Vonner's presentence confinement. "Thus there was no 'dispute' for the district court to have ruled on." *Lopez*, 215 F. App'x at 867. Instead, Vonner's argument "was merely an argument in mitigation of his sentence," *id.*, which the district court necessarily addressed by declining to grant a downward variance.

In closing, it bears emphasizing that there is a sizeable gap between good sentencing practices and reversibly bad sentencing practices. As was true in *Rita*, so it is true here: The judge "might have added explicitly that he had heard and considered" Vonner's "evidence and argument[s]" for a lower sentence; that "he thought the Commission in the Guidelines had determined a sentence that was proper in the minerun of roughly similar . . . cases; and that he found that [the] circumstances here were simply not different enough to warrant a different sentence." 127 S. Ct. at 2469. All of this would have left little room for curiosity or doubt as to the court's method of sentencing and almost assuredly would have assisted us in handling challenges to the length of the sentence—to which we now turn.

IV.

Vonner also challenges the reasonableness of the length of his sentence, urging us to abandon the presumption of reasonableness for within-guidelines sentences and arguing that his sentence is unduly long. Plain-error review, as an initial matter, does not apply to either argument, even though the court asked Vonner's counsel at sentencing whether he had any objections not previously raised and even though counsel did not mention these two arguments. A litigant has no duty to object to the "reasonableness" of the length of a sentence (or to the presumption of reasonableness) *during* a sentencing hearing, just a duty to explain the grounds for leniency. That is because reasonableness is the standard of *appellate* review, not the standard a district court uses in imposing a sentence. *See id.* at 2465.

In *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), this court embraced an appellate presumption of reasonableness for within-guidelines sentences. In *Rita*, the Court upheld the presumption. 127 S. Ct. at 2462. *Rita*, we recognize, does not hold that appellate courts *must* embrace the presumption. *See id.* at 2462, 2467; *see also United States v. Gall*, 128 S. Ct. 586, 597 (2007). But we see no good reason to abandon the presumption now—after using it for some time and after being told that we may continue to use it. The presumption, as the Supreme Court has explained, rests on sound reasoning. The guidelines represent the Sentencing Commission's attempt to reconcile the same § 3553(a) factors that district courts must consider in sentencing defendants. *See Rita*, 127 S. Ct. at 2463–64. These factors seek to balance Congress's competing interests in consistency, *see* § 3553(a)(4)–(6) (requiring sentencing courts to consider the guidelines, pertinent policy statements and "the need to avoid unwarranted sentencing disparities"), and in individualized sentencing, *see* § 3553(a)(1)–(3), (7) (requiring sentencing courts to consider "the nature and circumstances" of the crime and the defendant, the purposes of punishment and the types of punishment available). And, perhaps most importantly, when there is a confluence between the national views of the Sentencing Commission and the independent views of a sentencing judge, that "double determination significantly increases the likelihood that the sentence is a reasonable one."

*Rita*, 127 S. Ct. at 2463. Add to this the reality that the presumption is rebuttable, *id.*, and that there is no "presumption of unreasonableness" for outside-guidelines sentences, *id.* at 2467, and we fail to see a material downside to continuing to use the presumption as a modest tool for appellate review.

Vonner has not rebutted the presumption here. While Vonner had a "rather poor childhood," the district court had ample bases to conclude that he emerged from that childhood as a risk to society. Because Vonner committed murder at the age of 18, engaged in an assault shortly after his release from prison and turned to peddling drugs within three months of leaving prison, the district court could fairly conclude that the need for public protection and the risk of recidivism were great while the immediate prospects for rehabilitation were not promising. That Vonner sought to justify his drug dealing on the ground that he had no other means of earning a living after being released from jail does not show that the trial court abused its discretion; the court could still have legitimately concluded that he never took advantage of the educational opportunities offered to him before, during and after serving his sentence for second-degree murder.

On this record, we cannot say that the district court's 117-month sentence—a sentence in the bottom half of the guidelines range—was unreasonably long. The district court judge, unlike the members of this court, had an opportunity to hear from the defendant firsthand. It then "considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. §] 3553(a)." The record and the context of the sentencing hearing offer ample reasons for concluding that Vonner's case was a "typical" one and therefore deserving of a within-guidelines sentence, *id.* at 2468, and that his criminal history and his decision to violate serious criminal laws soon after serving a sentence for second-degree murder outweighed his arguments in favor of leniency. "[W]e simply cannot say that [Vonner's] special circumstances are special enough that, in light of § 3553(a), they *require* a sentence lower than the sentence the Guidelines provide." *Id.* at 2470 (emphasis added).

V.

Contrary to the contention of some of the dissents, neither the defense nor the government, in response to the *Bostic* question, has any obligation to raise objections already made. The point of the question is not to require counsel to repeat objections or, worse, to undo previously raised objections. It is simply to give counsel one last chance to preserve objections for appeal that counsel has not yet seen fit to raise or has not yet had an opportunity to raise. Because counsel for both parties at that point in the proceeding customarily will have raised the traditional sentencing arguments—objections, say, to the presentence report or reasons for obtaining a departure or variance—the import of the *Bostic* question is that it gives counsel a chance to ask the sentencing judge for clarifications about the proposed sentence it just announced. As best we can tell from our cases applying *Bostic*, the rule is thus apt to be relevant in three principal settings—where it is unclear whether the district court, in announcing its proposed sentence, considered all of the § 3553(a) factors, adequately explained its reasons for imposing the sentence or adequately addressed the parties' sentencing arguments.

To say that *Bostic* does not apply in these settings is not to clarify the decision but to abandon it. We are not prepared to do that. No party has argued in its appellate briefs that *Bostic* should be overruled. And no court of appeals to our knowledge has rejected this last-chance approach to clarifying objections to a criminal sentence, and one other circuit has adopted the same rule. *See United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *cert. denied*, 498 U.S. 906 (1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993). Contrary to Judge Moore's suggestion, it thus is only by abandoning *Bostic* that we would create a circuit split. The cases cited in her dissent either say what we have said—that a defendant need not "label his sentence 'unreasonable' before the sentencing hearing adjourned" in order to

preserve a reasonableness challenge on appeal, *United States v. Bras*, 483 F.3d 103, 113 (D.C. Cir. 2007)—or deal with an issue that *Bostic* is designed to avoid:  Does plain-error review apply to sentencing challenges that became apparent at the time the court announced a sentence where the district court *did not* invite the parties to raise objections to the sentence?

No one, moreover, can fairly challenge a sensible and useful feature of *Bostic*.  Many of our post-*Booker* sentencing appeals deal with adequacy-of-explanation questions, and *Bostic* has the salutary effect of encouraging the resolution of those issues at the sentencing hearing—when they matter most and when they can be most readily resolved.  Criminal sentencing is a serious business, and we should encourage district court judges to adopt sentencing practices that resolve potential sentencing disputes at the hearing, not on appeal.

No doubt, we could encourage district courts to ask the *Bostic* question without imposing any consequences on a party's failure to answer it.  But that would undermine its effectiveness. Better, we think, to leaven the rule with a common-sense application of the plain-error doctrine and with an eye to the realities of the facts and circumstances of each sentencing proceeding.  And if that does not work, we of course have the right to reconsider the application of the rule in a future case. As for this case, we have little difficulty concluding that *Bostic* should apply.  At this sentencing hearing, not only were *Bostic* and the reason-giving duties at sentencing pre-existing requirements of which counsel for both parties had every reason to know, but this also was a classically "mine run," within-guidelines case.  *Rita*, 127 S. Ct. at 2465.  And if it was not, that was only because Vonner had a real risk of obtaining an *upward* variance in view of his assault and two cocaine sales within three months of leaving prison on a murder charge.

Nor is it the case that a request for a variance in the district court by itself preserves *all* procedural and substantive challenges to a sentence.  Here we have a disagreement not about *Bostic* but about Criminal Rule 51.  Nothing about *Booker* suspends the obligation of counsel at a criminal proceeding to "preserve a claim of error" for appeal.  Fed. R. Crim. P.  51(b).  That counsel need not register a complaint with the district court that the proposed sentence is "unreasonable" follows from the fact that the district court's job is to impose a sentence "sufficient, but not greater than necessary" to comply with the § 3553(a) factors, not to impose a "reasonable" sentence.  But that reality does not excuse counsel from the obligation to raise all arguments concerning the appropriate procedures at sentencing and the bases for a lower or higher sentence.

Two examples illustrate the point.  If, under the heading of "substantive reasonableness," a defendant argued on appeal that the length of his sentence was too long because it did not account for the fact that he had voluntarily left a drug-trafficking conspiracy and had turned away from a life of crime before the police uncovered the conspiracy, *compare Gall*, 128 S. Ct. at 592, we would apply plain-error review to these two arguments if the defendant had never presented them to the district court.  So it is here:  While we do not require defendants to challenge the "reasonableness" of their sentences in front of the district court, we surely should apply plain-error review to any arguments for leniency that the defendant does not present to the trial court.  Likewise, if, under the heading of "procedural reasonableness," a defendant argued on appeal that the district court made a mistake in calculating the guidelines range, we would apply plain-error review to that argument if the defendant had never presented it to the district court, even after being invited to do so through the *Bostic* question.  That is all we have done here.

These fair-minded debates should not obscure a broader point.  Since *Booker*, the Supreme Court has handed down three cases about appellate review of challenges to the lengths of criminal sentences and the processes for determining them.  *See Rita*, 127 S. Ct. at 2470; *Gall*, 128 S. Ct. at 602; *Kimbrough v. United States*, 128 S. Ct. 558, 576 (2007).  One theme runs through all three cases:  *Booker* empowered district courts, not appellate courts and not the Sentencing Commission. Talk of presumptions, plain error and procedural and substantive rules of review means nothing if

it does not account for the central reality that *Booker* breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them.  If there is a pattern that emerges from *Rita*, *Gall* and *Kimbrough*, it is that the district court judges were vindicated in all three cases, and a court of appeals was affirmed just once—and that of course was when it deferred to the on-the-scene judgment of the district court.  Our affirmance in today's case respects the central lesson from these decisions—that district courts have considerable discretion in this area and thus deserve the benefit of the doubt when we review their sentences and the reasons given for them.

VI.

For these reasons, we affirm.

———————————

**DISSENT**

———————————

BOYCE F. MARTIN, JR., Circuit Judge, dissenting, in which Judges Cole and Clay join. Having joined Judge Clay's and Judge Moore's dissents, I write briefly in an attempt to outline the proper procedure for sentencing so that district courts need not continue to stumble blindly in the dark after the Supreme Court's recent decisions have failed to light the way. *See* Richard G. Kopf, *The Top Ten Things I Learned From* Apprendi, Blakely, Booker, Rita, Kimbrough, *and* Gall, OSJCL AMICI: VIEWS FROM THE FIELD (January 2008), *at* http://osjcl.blogspot.com.

I.

I will not rehash the obvious mistake the majority is making in applying plain-error review to Vonner's procedural challenges; I believe my colleagues have adequately addressed the foolhardiness of the majority's approach in that regard. Rather, I want to focus on the need for district courts to adequately explain the reasons for a given sentence, taking into account all of the § 3553(a) factors, regardless of whether the sentence is above, below, or within the proposed guidelines range, so that we, as an appellate court, may adequately review sentences under the standards identified by the Supreme Court in *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

The district court attempted to justify Vonner's within-guidelines sentence by merely stating that it had "considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. §] 3553(a)." The majority concedes that this explanation is not ideal, and that it "failed to ensure that the defendant, the public and, if necessary, the court of appeals understood why the trial court picked the sentence it did." *United States v. Vonner*, --- F.3d --- , slip op. at *7 (6th Cir. 2008). One could assume, although I would not suggest it in this Circuit, that if the majority was not mistakenly applying plain error review, the district court's failure to adequately explain Vonner's sentence would warrant reversal. In fact, I believe the Supreme Court's decision in *Gall* would mandate reversal.

II.

The Supreme Court has recently laid out the proper manner in which a district court should sentence a defendant. *Gall*, 128 S. Ct. at 596-97. Procedurally, the district court must properly calculate the guidelines range, *id.* at 596, give "both parties the opportunity to argue for whatever sentence they deem appropriate," *id.*, and consider "all of the § 3553(a) factors to determine whether they support the sentence requested by the parties," *id.*

A district court must then "make an individualized assessment based on the facts presented," *id.* at 596-97, regardless of whether the sentence is above, below, or within the guidelines, *id.* As my colleague Judge Clay recently put it, "[d]uring this 'individualized assessment' process, sentencing judges should not permit the Guidelines to be a strait-jacket which compel a particular sentence. . . ." *United States v. Sedore*, --- F.3d ----, No. 06-2259, 2008 WL 141046, at *8 (6th Cir., Jan. 16, 2008) (Clay, J., concurring). Rather, as has always been the case under § 3553(a), the guidelines should be an "initial benchmark" or "starting point", *Gall*, 128 S. Ct. at 597, to help the district court craft "a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing described in the second factor of § 3553(a)," *id.* at 597 n.6. It must be re-emphasized that after *Gall*, the calculation and analysis of the correct guidelines range is merely one of the

several factors to be considered, *id.*, *see also* 18 U.S.C. § 3553(a), and is not controlling or determinative of the sentence given.

Finally, after deciding on a sentence, a district court is required "to adequately explain the chosen sentence," *id*, at 597, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range . . . ." *id.* The difficult part in attempting to apply this requirement is deciphering the meaning of "adequately explain." How much justification for a sentence is "adequate"? I believe it is obvious that the explanation given for Vonner's sentence was sorely lacking and would not pass muster under *Gall*. But at what point does an explanation transform from inadequate to adequate? The standard set by the district judge in *Gall* must be our guide, as it is the only example we have that has been affirmed by the Supreme Court as adequate.

In sentencing Gall, the district court provided a lengthy statement on the record and provided a written memorandum discussing the reasons for Gall's sentence. *Id.* at 593. While I understand that submitting both an oral statement on the record and a written memorandum are not necessary, I also believe that the content of the *Gall* district court's statement is a prime example of what is necessary:

> "The Court determined that, considering all the factors under 18 U.S.C. 3553(a), the Defendant's explicit withdrawal from the conspiracy almost four years before the filing of the Indictment, the Defendant's post-offense conduct, especially obtaining a college degree and the start of his own successful business, the support of family and friends, lack of criminal history, and his age at the time of the offense conduct, all warrant the sentence imposed, which was sufficient, but not greater than necessary to serve the purposes of sentencing. . . .
>
> [Gall] will have to comply with strict reporting conditions along with a three-year regime of alcohol and drug testing. He will not be able to change or make decisions about significant circumstances in his life, such as where to live or work, which are prized liberty interests, without first seeking authorization from his Probation Officer or, perhaps, even the Court. Of course, the Defendant always faces the harsh consequences that await if he violates the conditions of his probationary term. . . .
>
> Any term of imprisonment in this case would be counter effective by depriving society of the contributions of the Defendant who, the Court has found, understands the consequences of his criminal conduct and is doing everything in his power to forge a new life. The Defendant's post-offense conduct indicates neither that he will return to criminal behavior nor that the Defendant is a danger to society. In fact, the Defendant's post-offense conduct was not motivated by a desire to please the Court or any other governmental agency, but was the pre-Indictment product of the Defendant's own desire to lead a better life."

*Id.* (quoting the text of the district court's sentencing memorandum).

As the Supreme Court found, the district court addressed the relevant § 3553(a) factors and Gall's arguments in mitigation; but more important than that, the district court applied the facts of Gall's case to those factors, rather than simply reciting the text of § 3553(a) for the record. In so doing, the district court was not bound by what my colleague Judge Merritt refers to as "guidelinitis," defined as "the inability of most federal courts to break their habit of mechanically relying just on the guidelines alone." *Sedore*, 2008 WL 141046, at *9 (Merritt, J., dissenting). Instead, the *Gall* district court treated the guidelines as they should be treated, as just one of the relevant § 3553(a) factors to be considered. *See Gall*, 128 S. Ct. at 596 ("The Guidelines are not the only consideration, . . . the district judge should [] consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.").

The procedures of the *Gall* district court are a model of clarity.  As upheld by the Supreme Court, it provides clear direction to district courts as to the proper manner by which to sentence defendants.  Obviously, the *Vonner* district court gave mere lip service to the mandates of § 3553(a) and the Supreme Court's opinion in *Booker* establishing the guidelines as merely advisory.  *United States v. Booker*, 543 U.S. 220, 245 (2005).  Vonner was denied what the Supreme Court has now held was his right to have his sentence adequately explained so that he could seek meaningful review.  *See Gall*, 128 S. Ct. at 597.  But, as is not unusual in this Circuit, the majority has sidestepped the true issue on appeal and applied an overly burdensome standard of review that no defendant will ever be able to be meet.  So, in the interest of clarifying the murky waters of sentencing decisions passed down by this Court, let me be clear: a district court, just as the *Gall* district court did, must "set forth enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority," *Rita v. United States*, 127 S. Ct. 2456, 2468, regardless of whether the sentence is above, below, or within the guidelines.

### III.

Some eighteen years has passed since my first decision involving the guidelines, and it appears that we are about to come full circle.

> At the time I wrote *United States v. Perez*, 871 F.2d 45 (6th Cir.1989), . . . I firmly believed that the guidelines could elevate the federal criminal justice system to a new level. I even supported Judge Stephen Breyer's argument, which he made in the Hofstra Law Review, that many compromises were made in the implementation of the sentencing guidelines, but that a better system would emerge. *See* Stephen Breyer, *The Federal Guidelines and the Key Compromises Upon Which They Rest*, 17 Hofstra L. Rev. 405 (1988).  I now believe I was wrong in endorsing the guidelines. The guidelines, as ambitious as they were, have become more than just guidelines; they are rigid mandates. I still believe that sentencing throughout the federal system should be as uniform as possible. However, the guidelines disregard fundamental notions of due process and create a slip-shod system of sentencing in which the only thing that matters is the maximization of prison sentences. 'The best we can say about [the sentencing guidelines] is what Herbert Hoover said of Prohibition: that this has been a 'great ... experiment, noble in motive [and] far-reaching in purpose.' But like that earlier experiment, this one has failed.' Jose A. Cabranes, *A Failed Utopian Experiment*, Nat. L. J., July 27, 1992, at 17, 18 (U.S. District Judge Cabranes based the article on a speech he delivered at the University of Chicago). As with any failed experiment, it is now time that we rid ourselves of the experiment and move on to a new, improved system.

*United States v. Silverman*, 976 F.2d 1502, 1534-35 (6th Cir. 1992) (Martin, J., dissenting).

---

**DISSENT**

---

CLAY, Circuit Judge, dissenting, joined by MARTIN, DAUGHTREY, MOORE, COLE, and GILMAN, Circuit Judges. Today, the majority misapplies our holding in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), and ignores the Supreme Court's command in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), *Rita v. United States*, 127 S. Ct. 2456 (2007), and *Gall v. United States*, 552 U.S. __, 128 S. Ct. 586 (2007), that we review sentences for reasonableness, in a strained effort to uphold a sentencing procedure that "[n]o one would call . . . ideal." *United States v. Vonner*, __ F.3d __, No. 05-5295, slip op. at 4 (6th Cir. Feb. 7, 2008). Because *Rita* and *Gall* do not require a defendant to object to the procedural or substantive reasonableness of his sentence at the time of sentencing, and indeed suggest that it would be improper to raise such an objection with the district court, I find the majority's application of plain error review inappropriate. I also consider the sentence in this case to be procedurally unreasonable, even when analyzed under a plain error standard. Accordingly, I respectfully dissent.

## I.

In contrast to the majority, I do not believe that plain error is the appropriate standard of review to apply to Vonner's procedural reasonableness challenge. Because reasonableness is the *appellate* standard of review, *see Gall*, 128 S. Ct. at 596; *Rita*, 127 S. Ct. at 2465, Vonner was not required to object to either the procedural or substantive reasonableness of his sentence at the time of sentencing, and thus should not face plain error review for failure to raise such an objection. Furthermore, given the specific facts of Vonner's case – his sentencing hearing occurred only three weeks after the Supreme Court handed down *Booker* and a few months prior to our first explanation of the procedural aspect of reasonableness review – subjecting Vonner to plain error review for his failure to make an objection that he could not have known he needed to make is inconsistent with the most basic principles of fairness and due process.

### A.

After finding the provisions of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, setting forth the appellate standard of sentencing review to be in violation of the Sixth Amendment, the Supreme Court in *Booker* directed that appellate courts "review sentencing decisions for unreasonableness." 543 U.S. at 264, 125 S. Ct. at 767; *accord Rita*, 127 S. Ct. at 2459; *see Gall*, 128 S. Ct. at 596. Following that dictate, our circuit has reviewed sentences "for reasonableness which, we have determined, 'has both substantive and procedural components.'" *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007) (quoting *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007)); *accord United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007); *see also Gall*, 128 S. Ct. at 597 (directing appellate courts to review both the procedural and substantive reasonableness of a sentence).

To determine whether a sentence is *substantively* reasonable, we have generally examined whether the length of the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a).[1] *See Thomas*, 498 F.3d at 340; *United*

---

[1] Section 3553(a) directs sentencing judges to consider the following factors when imposing sentences:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to

*States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). In contrast, when evaluating *procedural* reasonableness, we have focused on "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Webb*, 403 F.3d at 383. We have found that "a sentence may be procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Jones*, 489 F.3d 243, 250-51 (6th Cir. 2007) (quoting *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006)). Procedural reasonableness also requires an "articulation of the reasons the district court reached the sentence ultimately imposed." *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005); *accord Gall*, 128 S. Ct. at 597 (requiring the district court to "adequately explain the chosen sentence"); *United States v. Bolds*, __ F.3d __, No. 07-5062, 2007 WL 4440403, at *9 (6th Cir. Dec. 20, 2007). We have likewise indicated that "when a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Jones*, 489 F.3d at 251 (quoting *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006)); *see also Rita*, 127 S. Ct. at 2468 (requiring a sentencing judge to "set forth enough to satisfy the appellate court that he has considered the parties' arguments"). Finally, the Supreme Court has recently confirmed that a district court commits procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597.

While we have subdivided our analysis of the reasonableness of a district court's sentence along procedural and substantive lines, our jurisprudence as well as the Supreme Court's most recent sentencing pronouncements indicate that these two inquiries are simply different aspects of the overall reasonableness review required by *Booker*. *See Gall*, 128 S. Ct. at 597 (directing appellate courts to "first ensure that the district court committed no significant procedural error" and "then consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard"); *Liou*, 491 F.3d at 337 (noting that "the border between factors properly considered 'substantive' and those properly considered 'procedural' is blurry if not porous"). Indeed, in *Webb*, our first case to identify these two aspects of reasonableness, we discussed them as part of our general determination of whether the sentence was "unreasonable." *Webb*, 403 F.3d at 383. *See also Thomas*, 498 F.3d at 339-40; *Liou*, 491 F.3d at 337; *United States v. Clark*, 469 F.3d 568, 571 (6th Cir. 2007). In particular, we indicated that "we read *Booker* as instructing appellate courts in determining reasonableness to consider *not only* the length of the sentence *but also* the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Webb*, 403 F.3d at 383 (emphasis added).

In short, our review of sentences for reasonableness has consisted of a *single* analysis in which we evaluate whether the district court: (1) properly considered the § 3553(a) sentencing

---

criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement (A) issued by the Sentencing Commission . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (formatting altered).

factors and the parties' arguments concerning these factors; (2) properly explained the reasons for imposing its chosen sentence; and (3) imposed a sentence of sufficient but not greater length than necessary to accomplish the purposes of sentencing outlined in § 3553(a).

B.

Our *Booker* obligation to "review sentencing decisions for unreasonableness," 543 U.S. at 264, 125 S. Ct. at 767, is not transformed into plain error review when a defendant does not specifically object to the "unreasonableness" of his sentence at the time of sentencing. *See United States v. Castro-Juarez*, 425 F.3d 430, 434 (7th Cir. 2005) ("[O]ur review of a sentence for reasonableness is not affected by whether the defendant had the foresight to label his sentence 'unreasonable' before the sentencing hearing adjourned."). The majority accurately recognizes that "reasonableness is the standard of *appellate* review, not the standard a district court uses in imposing a sentence." *Vonner*, slip op. at 6 (citing *Rita*, 127 S. Ct. at 2465). We have previously explained:

> [A] district court's job is not to impose a "reasonable" sentence. Rather, a district court's mandate is to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task.

*Clark*, 469 F.3d at 571 (quoting *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)); *accord Bolds*, 2007 WL 4440403, at *8; *United States v. Davis*, 458 F.3d 505, 509-10 (6th Cir. 2006). A defendant has no duty to challenge the "reasonableness," either procedural or substantive, of the district court's sentencing decision at the time it is announced. *See Bolds*, 2007 WL 4440403, at *8 ("In imposing a sentence, neither the district court nor the parties are to focus on the 'reasonableness' of the sentence, but rather on the sentence's ability to accomplish the sentencing purposes in § 3553(a)."). Rather, during the sentencing hearing, the defendant simply must present arguments to the district court regarding the proper application of the § 3553(a) factors, including the advisory Sentencing Guidelines, to the factual context of his case. *See Gall*, 128 S. Ct. at 596; *Rita*, 127 S. Ct. at 2465. It is only after the district court has considered these arguments and imposed a sentence that the defendant may challenge the reasonableness of the district court's sentencing by bringing an appeal to *this* Court. *See Gall*, 128 S. Ct. at 597; *Rita*, 127 S. Ct. at 2465; *Booker*, 543 U.S. at 264, 125 S. Ct. at 767. Thus, because a defendant is not supposed to object to the "unreasonableness" of his sentence at the time it is imposed, he should not be penalized by plain error review for failing to make such an objection. Indeed, to "insist that defendants object at sentencing to preserve appellate review for reasonableness would create a trap for unwary defendants and saddle busy district courts with the burden of sitting through an objection – probably formulaic – in every criminal case." *Castro-Juarez*, 425 F.3d at 433-34.

While Judge Sutton, writing for the majority, seems to recognize this point with respect to Vonner's *substantive* reasonableness challenge, *see Vonner*, slip op. at 6, he nevertheless applies plain error review to Vonner's *procedural* reasonableness challenge. *See id.* at 4. In doing so, Judge Sutton ignores the fact that "procedural reasonableness" and "substantive reasonableness" are simply two aspects of the overall "reasonableness" of Vonner's sentence which *Booker*, *Rita*, and *Gall* require *us*, not the district court, to review on appeal. Likewise, Judge Sutton fails to offer any explanation of why, at the time of sentencing, Vonner should have objected to the procedural reasonableness of his sentence but was not required to raise a similar objection to its substantive reasonableness when both these aspects of the unreasonableness of his sentence "became apparent as soon as the court finished announcing its proposed sentence." *Id.* Instead, to support his application of plain error review to Vonner's procedural reasonableness challenge, Judge Sutton mistakenly relies on Rule 51 of the Federal Rules of Criminal Procedure and our prior decision in *Bostic*, which he misconstrues.

Rule 51 permits a party to "preserve a claim of error by informing the court – when the court ruling or order is made or sought – of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). However, "[i]f a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party." *Id*.

In *Bostic*, decided prior to the Supreme Court's announcement of a new standard of appellate sentencing review in *Booker*, we confronted the challenge of determining, for purposes of Rule 51, when a party has had a meaningful opportunity to object to the district court's imposition of a criminal sentence. *Bostic*, 371 F.3d at 865. In order to ensure that each party would be provided with the opportunity to present arguments to the district court regarding the sentence imposed, "we exercise[d] our supervisory powers over the district court [to] announce a new procedural rule, requiring district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *Id*. at 872. We further stated that "[i]f a party does not clearly articulate any objection and the grounds upon which the objection is based, when given this final opportunity [to] speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal." *Id*. at 872-73.

The proper application of the *Bostic* rule does not require a defendant, who has already presented arguments concerning the proper calculation of his sentence under § 3553(a), to object to the procedural reasonableness of his sentence at the time of sentencing in order to avoid plain error review on appeal. The purpose of both *Bostic* and Rule 51 is to ensure that the parties have an opportunity to present their sentencing arguments to the district court and that they do not raise issues that should have been raised below for the first time on appeal. *See Bostic*, 371 F.3d at 873. Thus, under *Bostic*, to avoid plain error review on appeal, a party must raise any specific objections it has concerning the district court's calculation of the applicable advisory Sentencing Guidelines range or its application of the other § 3553(a) factors during the sentencing hearing. However, once a defendant has made these arguments and the district court has imposed a sentence, neither *Bostic* nor Rule 51 imposes upon the defendant the further obligation to challenge the "procedural reasonableness" of his sentence before the district court. Indeed, as the district court will already have considered arguments from both sides regarding the proper weight to accord each § 3553(a) factor, it is unclear how requiring the defendant to raise a further objection to the district court's decision to consider some factors more than others will enhance the sentencing process in any meaningful way. *See Castro-Juarez*, 425 F.3d at 434. Moreover, because reasonableness is the *appellate* standard of review, *see Gall*, 128 S. Ct. at 596; *Rita*, 127 S. Ct. at 2465, the most appropriate forum for a defendant to challenge the reasonableness of the district court's sentencing determination is not the district court, but rather this Court. *See Clark*, 469 F.3d at 571. As long as the defendant has previously raised some arguments concerning the proper application of § 3553(a) to his case, he should not be punished on appeal by plain error review because he failed to make a further objection in the district court concerning the "procedural reasonableness" of his sentence.

While some of our prior panel cases have concluded that the *Bostic* rule applies when a defendant fails to challenge the procedural reasonableness of his sentence in the district court, *see Vonner*, slip op. at 3 (citing cases), those cases are not binding on this Court when sitting *en banc*. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Moreover, in contrast to the reasons articulated above for not requiring a defendant to object to the "procedural reasonableness" of his sentence at the sentencing hearing, those cases provide no rationale to support their conclusion that challenges for "unreasonableness" must be asserted in the district court or abandoned for plain error review on appeal, and thus provide no explanation for the way in which they apply *Bostic* to *Booker* reasonableness appeals.

Contrary to what the majority claims, I am not suggesting that we abandon the rule announced in *Bostic*. Rather, I am merely recognizing the fact that neither our rule in *Bostic* nor Rule 51 requires a defendant, once his sentence is imposed, to specifically object to the "procedural reasonableness" of his sentence when he has already presented arguments to the district court concerning the proper level of consideration to be given to the § 3553(a) factors. These rules provide for plain error review of sentencing arguments that were not, but *should have been*, raised before the district court. Thus, if a party fails to present a specific argument for a greater or lesser sentence to the district court, the party may not, on appeal, raise a reasonableness challenge based upon that particular argument or upon the district court's failure to consider the argument. However, because a party does *not* have to raise a *Booker* challenge for either procedural or substantive unreasonableness before the district court, and, in fact, should only properly raise such a challenge on appeal, *Bostic* does not require that we review procedural reasonableness challenges for plain error when a party does not raise such a challenge with the district court. Accordingly, plain error review should not apply to Vonner's procedural reasonableness challenge.

C.

Not only is applying plain error review to Vonner's procedural unreasonableness challenge inconsistent with the Supreme Court's command that the courts of appeals review sentences for reasonableness, it is also particularly unjust in light of the facts of this case. Vonner was sentenced on February 7, 2005, only 26 days after the Supreme Court announced its holding in *Booker*, and prior to this Court's explanation of reasonableness review in *Webb*. As of that date, we had not yet explained that our review of sentences for reasonableness has both procedural and substantive components, *Jones*, 489 F.3d at 250, or that procedural reasonableness requires the district court to fully articulate its reasons for imposing the sentence, *Jackson*, 408 F.3d at 305, and explain why it has rejected the defendant's arguments for a lower sentence, *Richardson*, 437 F.3d at 554. Neither had the Supreme Court clarified that, when sentencing, the "judge should set forth enough [of a rationale] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority" *Rita*, 127 S. Ct. at 2468, and "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 128 S. Ct. at 597. Thus, at the time of Vonner's sentencing, "when district and appellate courts [as well as defendants] around the country were grappling with the implementation of this new system of sentencing," *Vonner*, slip op. at 4, Vonner could not have possibly known how to articulate an objection to the "procedural unreasonableness" of the sentencing, let alone the fact that his failure to raise such an objection would subject him to plain error review on appeal. In this context, punishing Vonner with plain error review for his failure to raise an objection that he did not know (and could not have known) he needed to raise is inconsistent with our obligation to treat litigants fairly.

The majority, however, reads the unfairness of this situation differently. Rather than worrying about a proper resolution of the issues in the case, the majority is more concerned with providing "fairness to the district court." *Vonner*, slip op. at 4. Thus, the judges in the majority consider the timing of Vonner's hearing as a reason for giving the district court a break. They find that, in such a context, any error made by the district court could not have been plain. After all, they suggest, given the post-*Booker* legal limbo of sentencing, how was the district judge supposed to know the proper sentencing procedures to apply? Yet, if a sitting federal district court judge could not be expected to know that he needed to discuss more fully the reasons for imposing the defendant's sentence, how would the defendant know that he needed to raise an objection to these deficient procedures at the time of sentencing? The Constitution does not require us to give such a benefit of the doubt to an experienced lawyer sitting on a bench and wearing a black robe. Rather, the Constitution requires us to vigorously protect the rights of the unwary criminal defendant and to ensure that the procedures by which we deprive him of over nine years of his liberty are at least minimally fair. For this reason alone, I must dissent.

## II.

Even if the majority were correct in applying the plain error standard of review to Vonner's procedural reasonableness challenge, I would still dissent because the district court's failure to address the defendant's sentencing arguments and its mere lip service to the § 3553(a) factors was plainly erroneous under our precedents and under *Rita* and *Gall*. While I would not apply plain error review in this case,[2] Vonner has demonstrated that: (1) the district court erred by not adequately considering Vonner's sentencing arguments and by not explaining its reasons for imposing Vonner's sentence; (2) this error was plain; (3) this error affected Vonner's substantial rights; and (4) this error affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Stover*, 474 F.3d 904, 913 (6th Cir. 2007).

Contrary to the majority's suggestion, the Supreme Court in *Gall* did not direct appellate courts to give district courts the "benefit of the doubt" regarding the sentencing procedures they employ. *Vonner*, slip op. at 9. Rather, the Court explicitly directed us to engage in a vigorous review of the sentencing process so as to "ensure that the district court committed no significant procedural error." *Gall*, 128 S. Ct. at 597. The Court also clarified that a district court commits a significant and reversible procedural error by "failing to adequately explain the chosen sentence." *Id*. In particular, the Court stated that "[a]fter settling on the appropriate sentence, [the district judge] *must* adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id*. (emphasis added). The Court affirmed the district court's sentencing procedure in that case because the district judge had "allowed both parties to present arguments as to what they believed the appropriate sentence should be, considered all of the § 3553(a) factors, and *thoroughly documented* his reasoning." *Id*. at 598 (emphasis added).

Likewise, in *Rita*, the Supreme Court emphasized that "[j]udicial decisions are reasoned decisions," and clarified that in order for a sentence to be procedurally reasonable, a "sentencing judge should set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." 127 S. Ct. at 2468. In other words, the sentencing transcript must reflect "that the sentencing judge adequately considered the relevant § 3553(a) factors and clearly stated his reasons for imposing the chosen sentence." *Liou*, 491 F.3d at 339. "Furthermore, when 'a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it.'" *Jones*, 489 F.3d at 251 (quoting *Richardson*, 437 F.3d at 554); *see Gall*, 128 S. Ct. at 599 (finding that, if the prosecution had raised a particular sentencing argument, "specific discussion of the point might have been in order"); *Rita*, 127 S. Ct. at 2469 (finding that the record made clear "that the sentencing judge listened to each argument" and "considered the evidence and arguments"). As the majority recognizes, "the question is whether '[t]he record makes clear that the sentencing judge listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *Vonner*, slip op. at 5 (quoting *Rita*, 127 S. Ct. at 2469).

The record in this case does not satisfy even these simple requirements. First, the record does not demonstrate that the sentencing judge ever considered any of Vonner's multiple arguments for imposing a sentence lower than the advisory Sentencing Guidelines range. Second, the record is devoid of any reasoned explanation of the sentence imposed.

---

[2]I would simply apply our post-*Booker* reasonableness jurisprudence to find Vonner's sentencing procedurally unreasonable and would accordingly remand to the district court for resentencing.

At the sentencing hearing, Vonner argued that his sentence should be lower than that provided for in the advisory Sentencing Guidelines because of: (1) his traumatic childhood; (2) the mental and emotional impairment to him as a result of his long history of alcohol and drug abuse; (3) the circumstances surrounding his involvement in selling narcotics; (4) the harsh conditions of his pre-sentence confinement; and (5) his cooperation and assistance to the government. Despite Vonner's lengthy presentation of these arguments, the district court never provided any response to them. Indeed, the only evidence of the district judge's acknowledgment of these arguments are his brief comments to Vonner indicating that the court "appreciate[d] the apology [Vonner] offered," "encourage[d]" Vonner to take advantage of the "tools and education" offered in prison to "give [him] certain life skills and lifestyles that will be of benefit to [him] when [his] period of incarceration is over," and "encourage[d]" Vonner to continue in his cooperation with the government. J.A. at 134-35. These comments do not demonstrate that the district judge properly understood, let alone considered, Vonner's arguments. The comments show no appreciation of the reasons why Vonner believed he might be entitled to a lower sentence, nor do they provide any insight into why the sentencing judge found such reasons unpersuasive. Moreover, even if such comments could be read as indicative of the district judge's understanding of Vonner's arguments, they would only demonstrate that the judge had understood two of Vonner's five arguments and they would still not explain the judge's reasons for rejecting these two arguments. Accordingly, these comments do not sufficiently demonstrate that the sentencing judge actually "considered the parties' arguments." *Rita*, 127 S. Ct. at 2468.

The record also fails to show that the district judge "adequately explain[ed] the chosen sentence." *Gall*, 128 S. Ct. at 597. In imposing the sentence, the district judge only provided the following cursory explanation:

> With respect to the sentence in this case, the Court has considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 United States 3553(a). Pursuant to the Sentencing Reform Act of 1984, it is [sic] judgment of the Court that the defendant, Alvin George Vonner, is hereby committed to the custody of [sic] Bureau of Prisons for a term of imprisonment of a hundred and seventeen months. It is felt that this term is reasonable in light of the aforementioned, in light of the aforementioned factors and is a sentence, furthermore, that will afford adequate deterrent and provide just punishment.

J.A. at 135. This brief and conclusory reference to the § 3553(a) factors offers no explanation of why those factors justify the 117-month prison term imposed. Nor does it offer any clear rationale for imposing such a sentence. Rather than providing "a reasoned basis for exercising [the judge's] legal decision making authority," *Rita*, 127 S. Ct. at 2468, this comment simply pays lip service to statutory factors which *Booker*, *Rita*, and *Gall* require the district court to "consider" when sentencing. *Gall*, 128 S. Ct. at 596; *Rita*, 127 S. Ct. at 2468; *Booker*, 543 U.S. at 259-60, 125 S. Ct. at 764-65. Even the majority admits that the district judge "did not specifically address all of Vonner's arguments for leniency, and thus it failed to ensure that the defendant, the public, and, if necessary, the court of appeals understood why the trial court picked the sentence it did." *Vonner*, slip op. at 4.

In failing to consider Vonner's arguments or to provide a reasoned explanation of the sentence imposed, the district court violated the procedural reasonableness requirements outlined in our cases and in *Rita* and *Gall*, and thus erred. Indeed, the majority does not even attempt to defend the deficient sentencing procedures of the district court. *See id*. (noting that "[n]o one would call [the district court's] explanation ideal" and that "a trial court would do well to say more"). Rather, the majority contends that this error was not plain. *Id*. Yet the majority fails to offer any convincing explanation of how the district court's failure to articulate its rationale for imposing

Vonner's 117-month sentence was not a blatant violation of *Rita*'s command that district judges "set forth their reasons" for imposing a sentence, 127 S. Ct. at 2468, and *Gall*'s requirement that the sentencing judge "adequately explain the chosen sentence." 128 S. Ct. at 597. The majority also conspicuously fails to consider the impact of the Supreme Court's recent decision in *Gall* on our evaluation of the sentencing procedures employed by the district court. *Compare Vonner*, slip op. at 6-9 (finding *Gall* only to be illustrative with regard to the abuse of discretion standard we apply to reasonableness challenges), *with Gall*, 128 S. Ct. at 597 (stating that appellate courts "*must* first ensure that the district court committed no significant procedural error, such as . . .failing to adequately explain the chosen sentence" (emphasis added)). Shamelessly ignoring recent Supreme Court decisions, as the majority does, does not make them any less binding on us.

The only justification offered by Judge Sutton to support the majority's contention that the district court's error was not plain is his argument that district courts are not required to give reasons for imposing within-Guidelines sentences. *See Vonner*, slip op. at 4-5. This argument, however, is based on a misreading of 18 U.S.C. § 3553(c) and the Supreme Court's opinion in *Rita*. Section 3553(c) expressly provides that the district court, "at the time of sentencing, *shall* state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c) (emphasis added). The majority is correct that the statute further provides that, if the sentence is outside the advisory Sentencing Guidelines range, the district court must state "the specific reason for the imposition of a sentence different from that described." *Id*. § 3553(c)(2). However, this specificity requirement for non-Guidelines sentences is accompanied by a similar one for within-Guidelines sentences. If the statute is within a Guidelines range which is greater than 24 months, the statute requires the district court to state "the reason for imposing a sentence at a particular point within the range." *Id*. § 3553(c)(1). Thus, rather than relieving district courts of the obligation to provide a rationale for the sentence imposed when it is within the Guidelines, § 3553(c) requires the district court to go to even greater lengths to explain why the precise sentence chosen is appropriate.

The majority suggests that the district court in this case should be excused from the statutory requirement that it provide a reason for choosing a sentence of 117 months out of the Guidelines range of 108 to 135 months because Vonner did not argue for anything but a below-Guidelines sentence. *See Vonner*, slip op. at 4. However, the statute does not indicate that giving reasons for imposing a sentence at a particular point within the Guidelines range is only required when the defendant concedes that the Guidelines range is appropriate. Rather, Congress has indicated that district courts "shall" state their reasons for imposing the sentence. 18 U.S.C. § 3553(c). Accordingly, § 3553(c) does not support the majority's argument.

Likewise the Court's language in *Rita* cannot be construed as placing a lesser explanatory burden on district judges when they issue within-Guidelines sentences. The majority misleadingly interprets *Rita* as "saying that where a judge imposes a within-guidelines sentence, he 'will *normally* . . . explain why he has rejected . . . arguments' for a different sentence, but insisting that, '[w]here the judge imposes a sentence outside the Guidelines, the judge *will* explain why he has done so.'" *Vonner*, slip op. at 5 (quoting *Rita*, 127 S. Ct. at 2468). However, in the part of *Rita* quoted by the majority, the Supreme Court was not attempting to draw such a distinction between within-Guidelines and outside-Guidelines sentences. Rather the full quote reads: "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Rita*, 127 S. Ct. at 2768. The district court is expected to explain his decision to reject such arguments regardless of whether they are for sentences that would be within or outside of the advisory Guidelines range. Thus, contrary to what the majority would mislead one to believe, the Supreme Court was not attempting to distinguish between the procedural requirements for imposing within-Guidelines sentences and the procedures to use for imposing non-Guidelines sentences. Indeed, the Supreme Court expressly noted that it was reserving judgment on the issue of whether "the strength of justification needed to sustain an outside-Guidelines sentence varies in proportion to the degree of variance" until its

decision this term in *Gall*. *Id*. at 2467. In *Gall*, the Court rejected such a proportional rule of appellate review and instead clarified that, "[a]fter settling on the appropriate sentence, [the district judge] must adequately explain the chosen sentence" regardless of whether the sentence is within or outside of the advisory Guidelines range. 128 S. Ct. at 597. *See also Bolds*, 2007 WL 4440403, at *10 ("[W]e no longer apply a form of proportionality review to outside-Guidelines sentences, which would require the strength of the justification for a departure to vary in proportion to the amount of deviation from the Guidelines, and find our prior cases applying this rule, *see, e.g.*, *United States v. Davis*, 458 F.3d 491, 496 (6th Cir. 2006), to have been effectively overturned by *Gall*.").

Despite the majority's attempts to obfuscate both Congress' and the Supreme Court's language, both have clearly indicated that a district judge has an obligation to articulate the reasons for imposing the chosen sentence regardless of whether the sentence is within or outside the advisory Sentencing Guidelines range. By failing to satisfy this obligation the district committed an error that was plain. Moreover, this error affected Vonner's substantial rights by failing to provide him with due process when taking away over nine years of his liberty. Finally, this error affected the fairness, integrity, and public reputation of the judicial proceedings. The district court's failure to provide any reasoned explanation for the sentence it imposed undermines the public's confidence in the fairness of our criminal justice system. As the Supreme Court recognized in *Rita*: "Confidence in a judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust." 127 S. Ct. at 2468. By neglecting to specify a rationale for its decision, the district judge failed to provide the public, Vonner, or this Court with the assurance that its judgment was in fact a reasoned one.

For all these reasons, I would find that Vonner's procedural reasonableness challenge should survive the majority's inappropriate application of plain error review.

### III.

Today's decision is yet another attempt to undercut the Supreme Court's holding in *Booker* that the Sentencing Guidelines are no longer mandatory. By upholding a sentencing procedure in which the district court simply imposed a sentence from within the advisory Guidelines range without any explanation of its rationale for concluding that the sentence was sufficient but not greater than necessary to comply with the sentencing goals in § 3553(a), the majority encourages district courts to ignore the Supreme Court's command in *Booker*, *Rita*, and *Gall* that judges respond to the defendant's sentencing arguments, take into account all of the sentencing considerations in § 3553(a), and explain why they have chosen to impose the particular sentence. Rather than promoting good sentencing practices by requiring district judges take their sentencing responsibility seriously, the majority rewards district courts for paying mere lip service to the § 3553(a) factors. In doing so, the majority moves us towards a "magic words" approach where a district court's imposition of a within-Guidelines sentence will never be overturned on procedural unreasonableness grounds as long as the district court, when sentencing, states that it "has considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in [18 U.S.C. § 3553(a)]." J.A. at 135. Moreover, by transforming *Booker*'s required reasonableness review into mere plain error review when a defendant does not raise a separate objection to the "procedural reasonableness" of his sentence at the time of sentencing, the majority evades the responsibility, imposed on us by *Gall*, to ensure that a defendant is afforded the opportunity to have his sentencing arguments considered and is given an adequate explanation of the reasons for the deprivation of his liberty. *See Gall*, 128 S. Ct. at 597.

Because I cannot join the majority in its abdication of our role of providing guidance to the lower courts and because I find the majority's application of

plain error review inconsistent with the Supreme Court's command that we "review sentencing decisions for unreasonableness," *Booker*, 543 U.S. at 264, 125 S. Ct. at 767, I respectfully dissent.

———————————

**DISSENT**

———————————

KAREN NELSON MOORE, Circuit Judge, dissenting, joined by MARTIN, DAUGHTREY, COLE, and CLAY, Circuit Judges.  I join the opinion of Judge Clay in full, and I write separately to offer some additional observations on the flawed analysis in the majority opinion for two reasons. First, the majority's application of plain-error review misconceives the nature of the "reasonableness" review that the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), directed that we undertake.  The majority's application of plain-error review is inconsistent with the Supreme Court's recent decisions in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), *Gall v. United States*, 128 S. Ct. 586 (2007), and *Rita v. United States*, 127 S. Ct. 2456 (2007).  The majority's plain-error analysis also deepens a growing circuit split that surely merits the attention of the Supreme Court, and the majority fails to offer meaningful guidance to the district courts and litigants in this circuit.  Second, I write to explain why I would accept Vonner's invitation to abandon the presumption of reasonableness that the majority has chosen to accord to within-Guidelines sentences and to note the precise nature of the presumption that the majority approves today.

## I.  APPLICATION OF PLAIN-ERROR REVIEW

I have three objections to the majority's application of plain-error review in this case.  First, I agree with Judge Clay regarding the majority's mistake in severing *Booker* reasonableness challenges into two separate claims, one a claim of "procedural" reasonableness and the second a claim of "substantive" reasonableness.  As Judge Clay observes, although this court has noted that reasonableness has both substantive and procedural *components*, Clay, J., Dissenting Op. at 13 (emphasis added), "our jurisprudence . . . indicate[s] that these two inquiries are simply different aspects of the overall reasonableness review required by *Booker*," *id.* at 14 (citing, inter alia, *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007)).[1]

Furthermore, this understanding of reasonableness review as a single inquiry proceeding in two steps finds support in the Supreme Court's recent opinions in *Gall* and *Kimbrough*.  In *Gall*, the Supreme Court explained that appellate courts "must" review sentences under the reasonableness "abuse-of-discretion standard," stating that we "must first ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597; *see also id.* at 598 ("As an initial matter, we note that the District Judge committed no significant procedural error.").  Next, "[a]ssuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* at 597; *see also Kimbrough*, 128 S. Ct. at 575-76 (stating that "the District Court thus rested its sentence on the appropriate considerations and 'committed no procedural error'") (quoting *Gall*, 128 S. Ct. at 600).

Nowhere in *Gall* or *Kimbrough* did the Supreme Court consider whether the Government had objected at the conclusion of the sentencing hearings to any procedural error committed by the district courts; presenting arguments prior to and during the hearings, as Vonner did, appeared

———————————

[1]A view that reasonableness review consists of components also appears in the opinions of Justice Stevens and Justice Scalia concurring in *Rita*. *See Rita*, 127 S. Ct. at 2473 ("[O]ur remedial opinion in *Booker*[] plainly contemplated that reasonableness review would contain a substantive *component*.") (Stevens, J., concurring) (emphasis added); *see also id.* at 2476, 2482-83 & n.6 (stating that "I would hold that reasonableness review cannot contain a substantive *component* at all" while noting that "'[s]ubstance' and 'procedure' are admittedly chameleon-like terms") (Scalia, J., concurring) (emphasis added).

sufficient to preserve the Government's reasonableness arguments on appeal. The Supreme Court's reasonableness analysis, in examining the district court's procedure as a first step before turning to evaluate "the substantive reasonableness of the sentence imposed," *Gall*, 128 S. Ct. at 597, gives no reason to think that the two steps have different requirements for preservation on appeal.

The majority nonetheless dissects reasonableness review into an analysis of two separate claims, which is necessary for the majority to apply plain-error review to Vonner's argument that his sentence is procedurally unreasonable due to the district court's failure to explain adequately its reasons for imposing his sentence. The majority concedes that the lack of a final objection by Vonner's counsel at the conclusion of the sentencing hearing "did not undermine Vonner's right to appeal issues he had 'previously raised.'" Maj. Op. at 3-4. The majority recognizes that Vonner had previously raised arguments for a lower sentence under *United States v. Booker*, 543 U.S. 220 (2005), and for that reason, the majority correctly observes that "[a] litigant has no duty to object to the 'reasonableness' of the length of a sentence . . . *during* a sentencing hearing . . . because reasonableness is the standard of *appellate* review, not the standard a district court uses in imposing a sentence," Maj. Op. at 6. Nonetheless, because the majority conceives of Vonner's argument regarding the adequacy of the district court's explanation as a *separate* claim that becomes "apparent as soon as the court finishe[s] announcing its proposed sentence," Maj. Op. at 4, it applies plain-error review because Vonner did not object prior to the conclusion of the sentencing hearing.

In so disarticulating Vonner's *Booker* argument, the majority ignores the Supreme Court's direction in *Booker* that the "reasonableness" standard of review involves "determining whether . . . a sentence 'is *unreasonable*, having regard for [the § 3553(a) factors and]. . . the reasons for the imposition of the particular sentence, as stated by the district court." *Booker*, 543 U.S. at 261 (quoting 18 U.S.C. § 3742(e)(3) (1994 ed.)); *see also Gall*, 128 S. Ct. at 597 (stating that "the appellate court must review the sentence under an abuse-of-discretion standard" and that "[i]t must first ensure that the district court committed no significant procedural error" and that "the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard"). By arguing for a lower sentence under *Booker*, as the majority recognizes that Vonner did, Vonner effectively requested that the district court consider the § 3553(a) factors in sentencing him *and* also that the district court state "the reasons for the imposition of the particular sentence." *Booker*, 543 U.S. at 261 (internal quotation omitted). Persisting in its endorsement of an unwarranted schism between procedural and substantive reasonableness, the majority therefore incorrectly insists upon a further objection to preserve for appeal *half* of what *Booker* commands district courts to do and what Vonner requested this district court do.[2]

In response to these arguments, the majority declares that it is not "the case that a request for a variance in the district court by itself preserves *all* procedural and substantive challenges to a sentence" and offers two hypothetical examples, Maj. Op. at 8, but its examples utterly miss the point. I agree that plain-error review would be proper for the majority's hypothetical claims because

---

[2] The majority is therefore mistaken in claiming that I am "abandoning" the procedural rule that we adopted in *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). Because Vonner argued for a lower sentence under *Booker* to the district court prior to sentencing, he preserved claims regarding the district court's consideration of the § 3553(a) factors *and* the adequacy of the reasons stated for the imposition of his particular sentence. Fed. R. Crim. P. 51(b) ("A party may preserve a claim of error by informing the court—when the court ruling or order is made *or sought*—of the action the party wishes the court to take . . .") (emphasis added). Vonner's "procedural" reasonableness argument—requesting that the district court offer a reasoned explanation for the sentence imposed—thus *is* an "objection[] already made," Maj. Op. at 7, and *Bostic* has no effect on Vonner's appeal. Far from "abandoning" *Bostic*, I remain true to its intent, and the majority abandons *Bostic* today by transmogrifying it.

the hypothetical defendant never raised the arguments before the district court.[3] That is *not* the case here.   Vonner argued for a variance under *Booker*, which specifically explained that the "reasonableness" standard of review would include evaluation of "the reasons for the imposition of the particular sentence, as stated by the district court." *Booker*, 543 U.S. at 261 (internal quotation omitted).   By citing *Booker*, Vonner gave the district court notice that he sought a reasoned explanation for his sentence, and the district court could expect that our appellate review of the sentence would include an evaluation of the district court's stated reasoning.  Under Rule 51(b) and *Bostic*, properly understood, Vonner need do nothing more.

Second, the majority's decision to apply plain error-review to one aspect of Vonner's *Booker* reasonableness claim also deepens a growing circuit split.  For instance, in *United States v. Bras*, 483 F.3d 103 (D.C. Cir. 2007), the D.C. Circuit rejected the partial plain-error review approach that the majority today embraces.  In *Bras*, the defendant argued "that his sentence was unreasonable because the district court failed to adequately consider the sentencing factors listed in . . . § 3553(a)," and "the government insist[ed] that [the appellate court] may review this claim only for 'plain error,' because [the defendant] did not . . . object that the [district] court did not adequately consider the factors set forth in § 3553."  *Id.* at 112-13 (internal quotation omitted).  The D.C. Circuit rejected the government's argument, stating that "[r]easonableness . . . is the standard of *appellate* review, not an objection that must be raised upon the pronouncement of a sentence."  *Id.* at 113 (internal citation omitted).  The Fourth Circuit has also adopted this view.  *See United States v. Baham*, 215 F. App'x 258, 261-62 (4th Cir. 2007) (rejecting government's argument that defendant's failure to object rendered "his challenge to the procedure employed by the district court . . . reviewable only for plain error, not for reasonableness" because the defendant "adequately preserved the issue for appeal by arguing that a sentence above the low end of the advisory guidelines range was unwarranted") (citing *United States v. Curry*, 461 F.3d 452, 459 (4th Cir. 2006)).

Admittedly, the majority is not alone in partially applying plain-error review to defendants' challenges that their sentences are unreasonable under *Booker*. *See United States v. Torres-Duenas*, 461 F.3d 1178, 1182-83 (10th Cir. 2006) (explaining that plain-error review applies to defendants' challenges to the "method by which the sentence was determined" in the absence of a objection but stating that "when the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue").[4]  Furthermore, the Fifth Circuit applies plain-

---

[3]To the majority's two examples, I add a third, which illustrates the difference between issues that a defendant preserves under *Booker* and issues that remain un-preserved.  Section 3553(c) states that, in cases in which the span of the Guideline range "exceeds 24 months," a court "*shall* state in open court" the "reason for imposing a sentence at a particular point within the range" of the Guidelines.  18 U.S.C. § 3553(c) (emphasis added).  Because the Guidelines range for Vonner's sentence exceeded twenty-four months—it ran from 108 months to 135 months—§ 3553(c)(1) required that the court state its "reason for imposing a sentence at a particular point within the range." Vonner, however, did not object at the sentencing hearing to the district court's failure to comply with § 3553(c)(1), nor did he remind the district court of its obligation under § 3553(c)(1) prior to the hearing in his sentencing memorandum.  Although in this case Vonner did *not* raise a claim of § 3553(c)(1) error on appeal, if he had, we would properly review his § 3553(c)(1) claim for plain error.  *See United States v. Mangual-Garcia*, 505 F.3d 1, 15 (1st Cir. 2007) (applying plain-error review to defendant's claim that district court violated § 3553(c)(1) by failing to explain the court's choice of a sentence within a Guidelines range in excess of twenty-four months).  Citing *Booker* reminded the district court of its general obligation to offer "a reasoned basis for exercising [its] own legal decisionmaking authority," *Rita*, 127 S. Ct. at 2468, and so preserved Vonner's claims regarding the adequacy of the district court's explanation, but arguing for a variance under *Booker* did not preserve claims of error under § 3553(c)(1).  Likewise, *Booker* arguments would not preserve the Guidelines-calculation claim of the majority's hypothetical defendant, but *Booker* arguments should preserve the hypothetical defendant's claim regarding the adequacy of the district court's explanation.

[4]*See also United States v. Villafuerte*, 502 F.3d 204, 207-08 (2d Cir. 2007) (applying plain-error review to claims that a district court failed to consider properly all of the § 3553(a) factors).  The First Circuit also appears to apply plain-error review to claims that a district court's explanation for the sentence was inadequate.  *See United States v.*

error review not only to the "procedural" component of defendants' *Booker* reasonableness claims but *also* to the "substantive"component of reasonableness review. *See United States v. Peltier*, 505 F.3d 389, 391-94 (5th Cir. 2007). Several other circuits have rejected the argument that defendants must object after the imposition of their sentence to preserve the substantive component of reasonableness review. *See United States v. Curry*, 461 F.3d 452, 459 (4th Cir. 2006) (stating that a party's failure to "restate its position after the sentence was announced, by lodging a futile objection at the end of a sentencing colloquy, is without consequence"); *United States v. Swehla*, 442 F.3d 1143, 1145 (8th Cir. 2006) ("Once a defendant has argued for a sentence different than the one given by the district court, we see no reason to require the defendant to object to the reasonableness of the sentence after the court has pronounced its sentence."); *United States v. Castro-Juarez*, 425 F.3d 430, 433-34 (7th Cir. 2005) (stating that the court "fail[ed] to see how requiring the defendant to then protest the term handed down as unreasonable [after arguing for a lower sentence at the hearing and in a previously filed sentencing memorandum] will further the sentencing process in any meaningful way").

In light of the strikingly different approaches adopted by the circuits, we can only hope that the Supreme Court chooses to resolve the issue of whether defendants must object after the district court has imposed a sentence to preserve some, any, or all, of their *Booker* reasonableness claims.

Third, because the majority elects not to "address the first step of plain-error review: Did the court err?" Maj. Op. at 4, the majority fails to provide guidance to the district courts and litigants in this circuit as to whether the district court's cursory explanation of Vonner's sentence is acceptable. The majority recognizes that "[n]o one would call [the district court's] explanation ideal," *id.*, but district courts and litigants are left to wonder whether such a sentence and brief explanation would be reversed or affirmed on appeal in a future case in which the defendant lodges a post-sentence objection, as the majority today requires. The majority's failure to offer a definitive answer to this question wastes the judicial resources invested by the fifteen members of this court who convened to consider this case en banc. In contrast to the majority's silence, Judge Clay clearly states that the district court erred in this case. I agree that the district court's explanation is insufficient to permit reasoned review and constitutes error; I also agree with Judge Clay's view that the district court committed plain error.

## II.  THE PRESUMPTION OF REASONABLENESS

Unlike the majority, I would accept Vonner's invitation to abandon the "rebuttable presumption of reasonableness" that we accord to sentences falling within a defendant's "properly calculated" Guidelines range. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Further, given the majority's re-affirmation of the presumption, I believe it important to highlight the precise nature of the presumption that the majority approves today. Although in *Rita* the Supreme Court permitted the use of a non-binding, appellate presumption of reasonableness for within-Guidelines sentences, I agree with the reasoning of those circuits that have rejected the presumption and believe that we should end our use of the presumption for several reasons.

First, "[a]lthough making the guidelines 'presumptive[ly] . . . reasonable' does not make them mandatory, it tends in that direction; and anyway terms like 'presumptive' . . . are more

---

*Mangual-Garcia*, 505 F.3d 1, 16 n.13 (1st Cir. 2007) ("To the extent that [the defendant] makes a separate argument that the district court failed adequately to explain his sentence (other than his § 3553(c)(1) argument), we find no plain error."). Two further circuits have noted this issue but have not yet taken a position. *See United States v. Wiley*, 509 F.3d 474, 479 (8th Cir. 2007) (Gruender, J., concurring) (noting that a panel in a future case may "hold[] that a party must object in order to avoid plain error review of challenges based on the district court's failure to consider relevant factors"); *United States v. Williams*, No. 06-15962, 2007 WL 3118326, at *1 (11th Cir. Oct. 25, 2007) (declining to resolve whether to apply plain-error review to a defendant's argument that the district court failed to consider adequately the § 3553(a) factors).

ambiguous labels than they at first appear." *United States v. Jiménez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006) (en banc). *See also United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006) (finding the presumption not "useful" because "[w]hether, after consideration of section 3553(a) in its entirety, a court finds the Guidelines to be compelling is a fact-specific judgment").

Second, although "the Guidelines should be the starting point and the initial benchmark" for sentencing, *Gall*, 128 S. Ct. at 596, nothing in the statutory text of § 3553(a) indicates that any great extra weight should be given to the Guidelines range. Indeed, § 3553(a) "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing" listed in § 3553(a)(2). *Kimbrough*, 128 S. Ct. at 570 (quoting 18 U.S.C. § 3553(a)). But the Guidelines, in attempting to foster uniformity by basing sentences on "real conduct," *see Booker*, 543 U.S. at 250-51, generally deem offender characteristics irrelevant under Chapter 5H. Employing a "presumption of reasonableness" and according extra weight to the Guidelines therefore seems unwise and unlikely to advance the "overarching provision" in § 3553(a) that sentences should be "sufficient, but not greater than necessary" to advance the goals of sentencing in § 3553(a)(2).

Third, I believe that applying a presumption of reasonableness to within-Guidelines sentences is unwise because of the potential for a violation of the Sixth Amendment in extreme cases. Although *Rita* permitted appellate courts to apply the presumption, the majority noted Rita's argument that according a presumption of reasonableness to a within-Guidelines sentence that depended upon substantial judicial fact-finding "raises Sixth Amendment 'concerns.'" *Rita*, 127 S. Ct. at 2465. Justice Scalia has now written two concurring opinions highlighting that "the Court has not foreclosed as-applied constitutional challenges to sentences." *Gall*, 128 S. Ct. at 602-03 (Scalia, J., concurring); *see also Rita*, 127 S. Ct. at 2479 (Scalia, J., concurring) (observing that the majority opinion "does not rule out as-applied Sixth Amendment challenges to sentences that would not have been upheld as reasonable on the facts encompassed by the jury verdict or guilty plea") (citing *Rita*, 127 S. Ct. at 2466-67 and *id.* at 2473 (Stevens, J., concurring)). Our continued use of the presumption encourages defendants to argue that, in their particular case, a sentence should be found unreasonable and possibly violative of the Sixth Amendment when judge-found facts vastly increase the Guidelines range and our affirmance depends in whole or in part upon the "presumption" that we afford to the Guidelines range. *See also United States v. Conatser*, — F.3d —, 2008 WL 281517, at *17-20 (Moore, J., concurring) (6th Cir. Feb. 4, 2008).

Finally, in light of these Sixth Amendment concerns, it is important to note the precise circumstances in which the majority today approves the use of the presumption. As the majority notes, although Vonner argued that his sentence violates the Sixth Amendment because it was based on facts that no jury ever found beyond a reasonable doubt, because Vonner "fail[ed] to object to the presentence report, Vonner admitted all of the factual allegations contained in it." Maj. Op. at 2. Vonner's case, then, is similar to the facts in *Williams*, the case in which our circuit first adopted the presumption. In *Williams*, the defendant pleaded guilty, and we noted that his "guilty plea and written statement [were] sufficient to constitute an admission" to the facts supporting the two Guidelines enhancements that the district court included in calculating the Guidelines range. *Williams*, 436 F.3d at 707.

Our cases have repeatedly observed that we apply the presumption of reasonableness to a sentence "if it falls within a *properly calculated* guidelines range." *United States v. Heriot*, 496 F.3d 601, 608-09 (6th Cir. 2007) (emphasis added). We have applied the presumption of reasonableness in cases in which the calculation of the Guidelines range involved judicial fact-finding. *See, e.g.*, *United States v. Robinson*, 503 F.3d 522 (6th Cir. 2007). Because the presumption of reasonableness is our own creation, however, we could certainly choose to apply the presumption *only* to sentences that fall within the Guidelines range produced using solely facts that a defendant

has admitted or that a jury has found beyond a reasonable doubt.[5]  I am not aware of any case in which we have rejected such an argument that we should so narrow our understanding of the phrase "properly calculated Guidelines range" for purposes of applying our appellate presumption,[6] and the facts of Vonner's case, involving an unchallenged presentence report, do not foreclose such an argument in the future.

## III.  CONCLUSION

For the reasons stated above and in the dissenting opinion of Judge Clay, I respectfully dissent.

---

[5]Obviously, our use of such a narrowed presumption would not preclude district courts from fact-finding, *see Gall*, 128 S. Ct. at 596 ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."), nor would it mean that we would ignore the Guidelines range produced by their fact-finding. It would mean simply that only sentences imposed within the Guidelines range supported by a defendant's plea or the jury's verdict would receive special weight, and a sentence imposed within a Guidelines range increased by judge-found enhancements would be accorded no special presumption of reasonableness.

[6]The statement in *United States v. Smith*, 510 F.3d 603, 609 n.2 (6th Cir. 2007), that "[t]he presumption applies, moreover, notwithstanding that the Guidelines range was calculated using enhancements based on judge-made fact determinations" is clearly dicta.  The opinion in *Smith* gives no indication that the defendant in that case offered any argument to limit the presumption.