NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0671n.06

No. 08-5386

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Oct 05, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| KERRY ROGERS, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:     DAUGHTREY, SUTTON and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  After pleading guilty to the charge of possessing cocaine with intent to distribute it, defendant Kerry Rogers was sentenced on February 25, 2008 to a prison term of 210 months.  On appeal, defendant contends the district court erred by sentencing him as a career offender and by failing to explain its consideration of the sentencing factors set forth at 18 U.S.C. § 3553(a).  We affirm.

**I**

We review the district court's sentencing judgment under the deferential "abuse of discretion" standard, disturbing it only if we find it to be procedurally or substantively unreasonable. *Gall v. United States*, —U.S.—, 128 S.Ct. 586, 591, 598 (2007).  Both of defendant Rogers' claims of error go to procedural reasonableness.  A district court will be deemed to have abused its discretion and imposed a procedurally unreasonable sentence if it committed significant procedural

error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 597.

**II**

Rogers first claims the district court miscalculated the advisory Sentencing Guidelines range to be 210 to 262 months based on the erroneous conclusion that he is a "career offender" under U.S.S.G. § 4B1.1. Although Rogers conceded in the district court that he has two or more prior felony convictions for controlled substance offenses, he contends they should be treated as no more than one conviction because they are "related cases." Rogers contends the convictions should be deemed related because he "proved" (a) they were "part of a single common scheme or plan" and (b) they were "consolidated for trial or sentencing."

The argument is based on language appearing in U.S.S.G. § 4A1.2(a) and related Application Note 3—language which, however, had been stricken from the Guidelines prior to his sentencing in this case by Amendment 709, effective November 1, 2007.[1] At the time of Rogers' sentencing, it remained true that the counting of convictions under § 4B1.1 was governed by definitions set forth in § 4A1.2. U.S.S.G. § 4B1.2 cmt. n.3 (2007). As a result of Amendment 709, however, the pre-

---

[1]It was expressly agreed at the sentencing hearing that Rogers was to be sentenced using the November 2007 version of the Guidelines. Sentencing Tr. p. 22. This agreement was consistent with the general requirement that the district court apply the version of the Guidelines in effect at the time of sentencing. U.S.S.G. § 1B1.11(a). Although the district judge referred to the "new version" of the Guidelines as having come into effect December 1, 2007, he must have meant the November 1, 2007 version.

existing instruction for counting prior sentences in unrelated cases separately and treating prior

sentences in related cases as one sentence was replaced with the following instruction:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2).

Consistent with this instruction, counsel for the government argued at sentencing that

although some of Rogers' prior cases had been "bundled" for sentencing, other predicate convictions

were separated by years, evidencing an intervening arrest. *See* Presentence Report ¶¶ 35, 37, 39, 41

and 42. Because of the intervening arrest, the government contended that at least two of the

sentences had to be counted separately. In response, Rogers' counsel conceded that the

government's position was factually correct; he did not dispute that there was an intervening arrest.

Nonetheless, he advanced the admittedly novel argument that the sentences should be considered a

single sentence because they were to be served concurrently. Rogers cited no authority for the

argument and the district court overruled his objection. Consistent with the above instruction, the

district court held that the undisputed existence of an intervening arrest was dispositive. Hence, for

purposes of calculating the applicable advisory Guidelines range, the district court correctly rejected

Rogers' objection and treated Rogers as a career offender under § 4B1.1.

Rogers' argument on appeal is slightly different, but no more persuasive. Inasmuch as Rogers did not preserve this specific objection by addressing it first to the district court, it is reviewable only for plain error. To obtain relief under such limited review, Rogers must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). Rogers' arguments fail to satisfy any of these elements.

He now relies on superseded "related cases" language from an earlier version of the Guidelines, language at odds with the then-current version correctly applied by the sentencing court. If the district court had evaluated Rogers' career offender status as Rogers now contends the court should have, it would have committed significant procedural error. *See United States v. Smith*, 549 F.3d 355, 361-62 (6th Cir. 2008) (holding the requirement that sentences separated by an intervening arrest be counted separately is plain and unambiguous). Instead, the court, at the urging of the government, correctly applied the correct standard. That is, the court relied on the conceded occurrence of an intervening arrest and treated Rogers' prior convictions as involving at least two separate sentences. Rogers has thus failed to establish the existence of any error, much less plain error, in the court's decision to treat him as a career offender. The district court did not commit any significant procedural error in its calculation of the advisory Guidelines range.

**III**

Second, Rogers contends the district court, in evaluating the factors prescribed at 18 U.S.C. § 3553(a), failed to adequately explain why it rejected his arguments for a downward variance from

the low end of the advisory Guidelines range. Rogers argued for leniency at sentencing based essentially on the grounds that he did not "deserve" career offender designation because his prior drug trafficking convictions (a) involved only small amounts of controlled substances; and (b) resulted in minimal sentences to be served concurrently, sentences that failed to put him on notice of the seriousness of his criminal behavior.

Review of the sentencing transcript reveals that the district judge addressed this argument pretty explicitly. Sentencing tr. pp. 25-29, 34. The court expressly acknowledged that Rogers' prior drug trafficking convictions had been given lenient treatment by the state courts and recognized that Rogers was surprised to learn how seriously those prior convictions are treated under the federal Sentencing Guidelines. Observing that this is a phenomenon he had seen "over and over and over again," the judge indicated he did not have "much sympathy" and invited Rogers to respond. Rogers then used his allocution to explain that he blamed no one but himself, that he had always taken his involvement in drug trafficking seriously, and that he had "turned his whole life around" in jail and was now determined to help others. *Id.* at 29-34. The district judge confirmed that he had read letters submitted on Rogers' behalf and stated his appreciation for Rogers' positive attitude. The court then imposed sentence at the bottom of the Guidelines range, explaining, with reference to the § 3553(a) factors, that he believed the sentence of 210 months was sufficient but not greater than necessary to comply with the purposes of sentencing. *Id.* at 34-36.

At the conclusion of the sentencing, the district court inquired, consistent with the teaching of *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), whether either party had any objection to the sentence just pronounced other than those previously raised. Neither Rogers nor the government

stated any further objection. That is, Rogers did not challenge the adequacy of the court's statement of reasons for the sentence imposed. It follows that this claim of error, too, is reviewable only for plain error. *Vonner*, 516 F.3d at 385-86.

The sentencing court is required to state the reasons for its imposition of a particular sentence. *Rita v. United States*, 551 U.S. 338, 356 (2007). The court's failure to adequately explain the chosen sentence may represent an abuse of discretion and may be grounds to vacate the sentence as procedurally unreasonable. *Gall*, 128 S.Ct. at 597. "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends on the circumstances." *Rita*, 551 U.S. at 356. A sentence within the properly calculated advisory Guidelines range is presumptively reasonable. *Vonner*, 516 F.3d at 389. Hence, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356. In such a case, "[c]ircumstances may well make it clear that the judge rests his decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." *Id.* at 357. Where a matter is conceptually simple and the record makes it clear that the sentencing judge was fully aware of the defendant's circumstances, and took the arguments and supporting evidence into account, a brief explanation will suffice. *Id.* at 358-59; *Vonner*, 516 F.3d at 387-88.

Applying these standards to the circumstances of this sentencing, we find it abundantly clear that the district court's explanation of the sentence, albeit less than ideal, is more than adequate. The court correctly calculated the applicable advisory Guidelines range, expressly considered Rogers'

arguments for leniency, imposed a sentence within, but at the low end of, the Guidelines range, and stated that the sentence was appropriate in light of the § 3553(a) factors. Rogers has not identified any non-frivolous argument for leniency that was overlooked by the district court. Our review of the record leaves no doubt that the district court, in choosing the sentence, was fully aware of Rogers' circumstances and took into account his arguments and supporting evidence. The explanation given was not so deficient as to rise to the level of procedural unreasonableness. We find no error, much less plain error.

**IV**

Accordingly, both of defendant Rogers' claims of error are denied and the district court's judgment of sentence is **AFFIRMED**.