**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0113n.06

**No. 08-1740**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 22, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MICHAEL DUANE SORRELL, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  SILER, MOORE, and CLAY, Circuit Judges.

**SILER**, Circuit Judge.  Michael Sorrell appeals his sentence of 262 months' imprisonment. He asserts that the district judge did not adequately explain his sentence and that it was unreasonable. For the following reasons, we **AFFIRM.**

### I.  BACKGROUND

Sorrell was indicted for conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846.  Sorrell pleaded guilty pursuant to a written plea agreement, which acknowledged that he faced a mandatory sentence of life imprisonment under the original penalty enhancement information, but stated that the court would be required to sentence him to a mandatory twenty years' imprisonment with the amended penalty enhancement information.  Attachments to the agreement indicated that his Guidelines range was 188–235 months.

During the preparation of the presentence report, which classified Sorrell as a career offender under USSG § 4B1.1, the parties discovered that the written agreement inaccurately calculated Sorrell's Guidelines range. With application of the career offender enhancement, his Guidelines range was 262–327 months. The district court gave Sorrell the opportunity to withdraw his plea. Sorrell declined and chose to move forward, knowing that he would be subject to an advisory Guidelines range of 262–327 months.

At the sentencing hearing, Sorrell requested—without notice to the government—a downward departure from the Guidelines range pursuant to § 4A1.3(b)(1), which permits a downward departure "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." The district court denied that request, noting that "on the review of [Sorrell's] criminal history, character and conduct that the scoring adequately represents the likelihood of future misconduct." During the allocation stage of the hearing, Sorrell specifically requested "a sentence at the low end of the [G]uidelines range which [he] underst[ood] to be 262 months." The district court granted Sorrell's request for a low-end sentence and imposed a sentence of 262 months. In coming to that conclusion, it stated:

> I have little to add. I think [Sorrell's counsel] frankly has summarized [Sorrell's] circumstances well. [He] is here as a result of his repeat felony drug misbehavior. She is correct also I think fairly in indicating as does the report that he has given care for his two children. I do not view as a result a strong predicate for departing from the lower end of the [G]uidelines.

The district court also ordered Sorrell be placed in an institution with a comprehensive drug treatment program, imposed ten years of supervised release, and waived all fines and costs except

the $100 special assessment. Before concluding the hearing, the district court asked Sorrell's counsel if she had any questions or objections to the sentence. She responded that she did not.

## II. DISCUSSION

"We review a district court's sentencing determination, 'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Reasonableness review has two components: procedural and substantive. *Gall*, 552 U.S. at 51. Sorrell challenges both components.

## A. Procedural Reasonableness

A district court abuses its sentencing discretion if it "commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* Sorrell claims that the district court's explanation for his sentence was inadequate. Because he did not challenge the adequacy of the explanation before the district court at any time during the sentencing hearing, even after the court asked if he had any objections, we review this challenge for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008); *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

Sorrell specifically asked for a sentence at the low end of the Guidelines range—not a variance—based on his family history, an early exposure to substance abuse, his own personal substance abuse history, his limited crack cocaine sales to a "smaller, targeted group" of people, and his role as a parent to two children. The district court agreed with Sorrell's request and sentenced

him to 262 months' imprisonment. Although its explanation was cursory, the district court stated that Sorrell's counsel summarized his situation well, pointed to his "repeat felony drug misbehavior," and noted his role as a caregiver for his two children. The sentencing judge also noted that the Guidelines are merely advisory, that the factors outlined in § 3553(a) provide the criteria for determining the appropriate sentence, and that he had considered those factors in imposing the sentence.

Considering the framework through which we review Sorrell's challenge, the district court did not commit plain error in explaining the sentence. *See, e.g.*, *Vonner*, 516 F.3d at 386–87 (concluding that the district court had not committed plain error when his explanation stated that he "had 'considered the nature and circumstances of the offense, the history and characteristics of the defendant, and the advisory Guidelines range, as well as the other factors listed in 18 [U.S.C. §] 3553(a)'"). A district court is not required to provide as much specificity in its explanation of a within-Guidelines sentence—such as this one—compared to an outside-Guidelines sentence. *Id.* at 387. We have also explained that "the district court need not explicitly reference each of the §3553(a) factors," so long as there is "sufficient evidence in the record to affirmatively demonstrate the court's consideration of them." *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006). Although the district court did not explicitly reference the individual factors, it referred to §3553(a) and demonstrated consideration of the factors therein. Most important, because Sorrell's sentence was precisely what his counsel requested, a lengthy explanation was not necessary under these circumstances.

**B. Substantive Reasonableness**

Although Sorrell focused on his procedural challenge in his brief and at oral argument, he also appears to challenge the substantive reasonableness of his sentence. Because a defendant is not required to object to the "reasonableness" of the length of his sentence during the sentencing hearing, we review challenges to substantive reasonableness for abuse of discretion. *Vonner*, 516 F.3d at 389 ("[R]easonableness is the standard of *appellate* review, not the standard a district court uses in imposing a sentence."). We apply a presumption of reasonableness for within-Guidelines sentences. *Id.* (electing to continue this tradition after it was affirmed by *Rita*, 551 U.S. at 347).

Sorrell, however, has not rebutted the presumption here. The district court had ample reason to believe that 262 months' imprisonment was the appropriate sentence for Sorrell. Even though he helped care for two children, had an early exposure to controlled substances and a history of substance abuse, Sorrell also had a very long criminal history, which the district court pointed out. The presentence report reflected that he had four felony convictions and a misdemeanor conviction, and that he was on supervised release when he committed the offense at issue here. On this record, we cannot say that the district court's 262-month sentence—the bottom of the Guidelines range—was unreasonable. Indeed, the 262-month sentence was exactly the sentence requested by Sorrell's counsel to be imposed by the district court.

**AFFIRMED.**

No. 08-1740
*United States v. Sorrell*

**CLAY, Circuit Judge, dissenting.** The district judge in this case has sent a man to prison for 262 months without taking the time to fully explain the sentencing factors that motivated him to conclude that the Defendant should spend almost 22 years in prison. The majority opinion is almost as bare bones as the sentencing proceeding itself, fails to consider copious amounts of relevant precedent pertaining to sentencing issues, and ignores the well-established rule that a district judge must explain the sentence he imposes. For these reasons, I respectfully dissent.

"When a defendant raises a particular[, nonfrivolous] argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (quoting *United States v. Lalonde*, 509 F.3d 750, 770 (6th Cir. 2007)). In this case, Defendant made a series of arguments for a lower sentence: the economic pressure his family faced when he was young, his early exposure to drugs and his continuing substance abuse problems, the fact he sold drugs to a relatively limited number of people, and that he is a father to two children. The district court's only reference to these arguments was to briefly note that Sorrell had "given care" to his two children. This cursory treatment of the Defendant's arguments simply does not satisfy the district court's obligation to explain its sentence. The district court must "adequately articulate[] its reasoning for imposing the particular sentence chosen." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

The majority's defense of the district court's largely unexplained sentence is to merely invoke "plain error review." The majority never provides any citation to a case where so perfunctory an explanation for a sentence has been upheld. The majority makes the unsupportable, and utterly

-6-

conclusory, statement that the district court "demonstrated consideration" of the § 3553(a) factors. The majority does not express how it divined the district court's consideration of the § 3553(a) factors. Noting that Sorrell was a repeat offender and that he took care of his children hardly demonstrates consideration of "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). It seems self-evident that Sorrell was presenting more about himself than the fact that he was a father. He alluded to his difficult upbringing and the nature of his crime, which involved, in his attorney's words, a "smaller targeted group that he socialized with and he provided controlled substances to." (Sentencing Tr. at 13).

The district judge never referenced these arguments, resulting in an unreasonable sentence under *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008). The *en banc* majority in *Vonner* held that the crucial question is "whether 'the record makes clear that the sentencing judge listened to each argument,' 'considered the supporting evidence,' was 'fully aware' of the defendant's circumstances and took 'them into account' in sentencing him." *Id*. at 387 (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)). The majority cannot point to any part of the sentencing transcript that "makes clear" that the judge listened to each argument and considered the supporting evidence. The district court merely accepted Defendant's counsel's statements without exercising its own independent judgment and failed to create a meaningful record as required by Supreme Court precedent and this circuit's precedent. *See, e.g., Rita*, 551 U.S. at 356 (noting that the requirement of 18 U.S.C. § 3553(c) for a district court to "state in open court the reasons for its imposition of the particular sentence"); *United States v. Simmons*, 587 F.3d 348, 361 (6th Cir. 2009) (acknowledging

that "our case law and the Federal Rules of Criminal Procedure indicate that, as a procedural matter, the district judge must generally speak to arguments that are clearly presented and in dispute").

Based solely on the district court's complete failure to satisfy the requirement that it explain its sentence, it is indefensible that the majority would uphold the sentence. What makes this case different in the eyes of the majority is that: "Most important, because Sorrell's sentence was precisely what his counsel requested, a lengthy explanation was not necessary under these circumstances." (Majority Op. at 4). This statement cites no case or statutory provisions for support. Rather, the majority has created an entirely new rule of sentencing in order to affirm this inadequately explained sentence as reasonable. The request of Defendant's attorney may make the sentence substantively reasonable, although that issue need not be decided, but in no way does an attorney's statement at sentencing absolve a district court of its clear duty to explain the sentence it imposes. The district court cannot abdicate its responsibility even in the face of an agreement by counsel for the government or the defendant as to the proposed length of a sentence.

The district court's reliance on Defendant's attorney is particularly troubling given the possibility of ineffective assistance of counsel at sentencing. It is impossible to discern on this record whether Defendant's counsel was ineffective, but creating a blanket assumption that adopting the Defendant's argument is procedurally reasonable is extremely problematic. A defendant's rights are not protected when the district court fails to perform an independent analysis and exercise its own discretion. The majority's holding encourages district courts to abdicate their responsibility at sentencing and to parrot whatever a defendant's attorney says.

The district court's comment that it had "little to add" is particularly disturbing. The district court is required to explain how the sentence it imposes satisfies the § 3553(a) factors. "Simply listing the § 3553(a) factors and various characteristics of the defendant without referring to the applicable Guidelines range or explaining the decision to stay within or deviate from that range is insufficient." *Bolds*, 511 F.3d at 580 (citations and quotations omitted). Defendant's argument merely stated a number of reasons why the sentence should be lower. It was the district court's responsibility to explain how the arguments made by counsel, the relevant sentencing guidelines, and the § 3553(a) factors combine to lead the district court to impose the sentence it chose. "The district court must provide a clear explanation of why it has either accepted or rejected the parties' arguments and thereby chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines." *Id*. The district judge undoubtedly failed to satisfy this requirement. All the district judge stated were uncontested facts, that Sorrell was a repeat felony drug offender and that Sorrell has two children for which he provides support. We have no way of knowing how those facts or the multiple other arguments raised by Sorrell weighed in the mind of the district court whose duty it was to impose the correct sentence.

The district judge's decision to simply accept Defendant's proposed sentence with almost no comment renders the sentence unreviewable by this Court. A sentence that does not provide for meaningful appellant review serves as a detriment to Defendant's exercise of his rights and a detriment to our criminal justice system by undermining a procedure that is regularly and consistently applied to give the appearance and substance of propriety. "After settling on the appropriate sentence, [the district judge] must adequately explain the chosen sentence to allow for

meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). Neither of these purposes emphasized in *Gall* are achieved by adopting without additional commentary the arguments of one of the parties before the court.

Even though under plain error review, the sentencing judge's treatment of a defendant's arguments need not be exhaustive, we should be mindful that each time we affirm a more and more cursory explanation for a sentence, we encourage district judges to give short shrift in their explanations. A satisfactory explanation for Defendant's sentence likely could have been supplied in an additional five or ten minutes. Considering the stakes at a federal sentencing, it seems appropriate to require that district courts take the extra time to clearly explain to the defendant why it arrived at the given sentence.

Furthermore, the explanation itself provides incalculable value to the administration of justice. As the Supreme Court in *Rita* noted, "By articulating reasons, even if brief, the sentencing judge not only assures reviewing courts (and the public) that the sentencing process is a reasoned process but also helps that process evolve." *Rita*, 551 U.S. at 357. Rather than foster a procedure that provides public confidence in the sentencing process and provides crucial information for the review of the sentence on appeal, the majority has chosen to affirm a district court's sentence that expresses no comprehension of several of Defendant's primary arguments. The public sentencing of criminal defendants is not merely to provide a right to an individual defendant but also to promote the "public's trust in the judicial institution [and] provide the public with the assurances that creates that trust" *Id* at 356.

Because the sentence is procedurally unreasonable even under the plain error standard, I respectfully dissent.