**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0796n.06

Nos. 14-2458/2475

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Dec 07, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| JASON MCGUIRE (No. 14-2458); DELVIN | ) | STATES DISTRICT COURT FOR |
| DAVIS (No. 14-2475), | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendants- Appellants. | ) | |
| | ) | OPINION |

BEFORE: BOGGS and McKEAGUE, Circuit Judges; BERTELSMAN, District Judge.[*]

PER CURIAM. A jury convicted Jason McGuire and Delvin Davis of conspiring to defraud the government. McGuire was also convicted of eighteen counts of making false, fictitious, or fraudulent claims, and Davis was convicted of five of those counts.

The evidence at trial showed that McGuire attended a tax-protester seminar, at which he learned how to file false tax returns in order to make an "early withdrawal of Social Security benefits." These returns would show that a trust was created on the date of the taxpayer's birth and would seek a refund of taxes allegedly paid on the trust's fictional earnings. McGuire involved Davis in his scheme, and Davis referred others to McGuire. The two men were paid a percentage of any refund received by the taxpayers. The scheme evolved from this pretense to

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

include filing fake form 1099-OIDs, normally used by banks to report investment earnings, showing fabricated tax withholdings and requesting refunds.

The intended loss for McGuire's conduct was calculated at over three million dollars, and his sentencing range was 63 to 78 months. He was sentenced at the bottom of the range. In his brief on appeal, he argues that the district court erred in excluding evidence negating the element of willfulness, challenges the jury instructions, argues that the district court should have held a hearing before denying his motion for a mistrial based on a violation of the sequestration order, and claims that the prosecutor committed misconduct during closing argument.

The intended loss for Davis was calculated at over one million dollars, and his sentencing range was 41 to 51 months. He was sentenced to 42 months of imprisonment. In addition to adopting the same arguments raised by McGuire, Davis argues that the district court erred in admitting the bank records of two of the taxpayers who did not testify, that his motion for acquittal should have been granted as to the two counts relating to those two taxpayers, and that his sentence is procedurally and substantively unreasonable.

The first argument raised is that the district court erred in excluding evidence negating the element of willfulness. McGuire testified that he sent one of his proposed returns to the IRS, asking if it was legal. He attempted to enter as an exhibit an internal memo from the IRS discussing these types of returns, which he claimed he received in response. The district court found that McGuire had no proof that this memo was sent to him in response to his query and refused to admit it. However, McGuire was allowed to testify that he had received information from the IRS that he interpreted as supporting the legality of the returns seeking "early withdrawal of Social Security." Evidentiary rulings are reviewed for an abuse of discretion. *United States v. Blackwell*, 459 F.3d 739, 752 (6th Cir. 2006). No abuse of discretion is apparent here, because McGuire had no evidence to support his claim that the IRS sent him this memo in

response to his query. The IRS does not give tax advice, and the memo could have been obtained from the IRS website. McGuire was nevertheless allowed to testify that he relied on IRS documents in believing that his returns were legal.

Defendants challenge the jury instructions, arguing that the district court failed to instruct the jury on good faith. Refusal to give an instruction is reversible error if the requested instruction is a correct statement of the law that is not substantially covered by the instructions given and the failure to give it impairs the defense. *United States v. Heath*, 525 F.3d 451, 456 (6th Cir. 2008). Defendants rely on *United States v. Nash*, 175 F.3d 429, 437 (6th Cir. 1999), which held that good faith can be a defense to false claims charges. However, *Nash* went on to find that any error in failing to instruct on good faith was harmless because the jury was instructed that the defendant had to know that the claims were false. That instruction was also given in this case. Therefore, the instructions covered the applicable law, and no reversible error occurred in failing to give an instruction on good faith.

Davis also argues that an instruction on entrapment by estoppel was required because he relied on the fact that he received a refund from the IRS for one of the returns he filed in continuing to file such returns. This argument is meritless, because it was not reasonable for him to believe that receipt of a refund based on false information was a final decision by the IRS on the legality of the return. *See United States v. Rampton*, 762 F.3d 1152, 1158 (10th Cir. 2014).

Defendants argue that the district court should have held an evidentiary hearing before denying their motion for a mistrial based on an alleged violation of the court's sequestration order. The record shows that a witness named Pittman[1] testified about the date a trust document was signed. The government's trial representative then asked a prospective witness about the

---

[1] Phillip R. Pitman III was a co-defendant of McGuire and Davis and, pursuant to a Rule 11 plea agreement, pleaded guilty to corruptly interfering with internal revenue laws in violation of 26 U.S.C. § 7212(a).

date the document was signed, and she referred to this exchange in her subsequent testimony, prompting the motion for a mistrial. The trial judge found that there was no prejudice because the agent only had asked the witness, out of court, a question about the date of the document. Defendants cite *United States v. Englemann*, 701 F.3d 874, 877 (8th Cir. 2012), in support of their argument, but that case involved two witnesses who talked to each other after one of them had testified, not a discussion with one witness by a representative of the prosecution. No need for an evidentiary hearing is apparent based on the facts here, and defendants identify no prejudice that resulted.

McGuire argues that the prosecutor committed misconduct during the closing argument when she argued that McGuire would have filed returns for his family if he truly believed that the returns were legal. McGuire did not object to this argument and it is therefore reviewed only for plain error. *United States v. Stover*, 474 F.3d 904, 914-15 (6th Cir. 2007). McGuire later moved for a new trial, arguing that he had filed returns for his family. The prosecutor responded that she was unaware of any such returns. No clear error is demonstrated because the comment was not flagrant in light of the fact that the prosecutor was unaware of such returns, if any. The jury was also instructed that the closing arguments were not evidence.

Davis argues that the district court erred in admitting the bank records of two taxpayers who did not testify at the trial. The records show that, similar to the taxpayers who did testify, these two received large refunds from the IRS, based on false 1099-OID forms fabricated by McGuire, in the amounts of $251,171.00 and $127,724.00, and paid McGuire $25,117.00 and $11,325.00, and Davis $20,000.00 and $10,700.00. Because bank records are not testimonial, this evidence does not violate the defendants' right to confrontation. *See United States v. Bansal*, 663 F.3d 634, 666-67 (3d Cir. 2011). Davis also argues that due process was violated, because the defendants stipulated to the production of these records without a witness from the banks,

when they did not know that the taxpayers were not going to testify. Had they not so stipulated, the government could have called employees of the banks to present the records and there would have been no difference in the outcome of the trial.

Davis also argues, in a related claim, that the defendants' motion for acquittal of the two charges based on these two missing witnesses should have been granted. Because the records were properly admitted, this argument is also meritless. Moreover, McGuire himself testified about the returns submitted in the name of these taxpayers.

Finally, Davis argues that his sentence is procedurally and substantively unreasonable. He contends that his guidelines sentencing range was improperly calculated because the intended loss should have excluded the amounts involved in counts 14 and 15 because he was not charged in those counts. Although the government did not charge Davis in these counts, the taxpayer at issue, co-defendant Pittman, testified that Davis was paid $17,200.00 for his part in submitting these returns, and Davis's actions were part of the count of conspiracy to defraud the government of which Davis was convicted. No procedural error has therefore been demonstrated.

Davis also argues that he was entitled to a two-level reduction in his offense level because he was a minor participant. At sentencing, the district court rejected a two-level increase recommended in the presentence report for being an organizer or leader, but declined to reduce the offense level for being only a minor participant. The denial of a minor-participant reduction is reviewed for clear error. *See United States v. Allen*, 516 F.3d 364, 375 (6th Cir. 2008). In a similar case, we found that a defendant who recruited an accomplice and served as the contact to the principal conspirator was not a minor participant. *United States v. Latouf*, 132 F.3d 320, 332 (6th Cir. 1997). No clear error has been demonstrated here, where Davis referred several taxpayers to McGuire in exchange for a part of the refund obtained. Davis finally argues in a conclusory fashion that his sentence is substantively unreasonable, but he has

failed to rebut the presumptive reasonableness of his within-guidelines sentence. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). The transcript of the sentencing hearing shows that the district court considered the sentencing memorandum and counsel's arguments in concluding that a sentence near the bottom of the range was appropriate.

Therefore, we conclude that none of the arguments raised by defendants on appeal has merit. The district court's judgments are AFFIRMED.