NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0189n.06

No. 19-3358

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JAMEL WILLIAMS, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

**FILED**
Apr 02, 2020
DEBORAH S. HUNT, Clerk

BEFORE:    SUHRHEINRICH, DONALD, and MURPHY, Circuit Judges.

SUHRHEINRICH, Circuit Judge.    Appellant Jamel Williams pleaded guilty to passing $4,000 in U.S. currency in violation of 18 U.S.C. § 472.  Based on this offense and his criminal history, Williams faced a Sentencing Guideline range of 10 to 16 months in prison.  The district judge sentenced Williams to 36 months.  In this direct appeal, Williams challenges the 36-month sentence.  He argues that the district judge erred by increasing his sentence based on criminal charges that were pending against him or had already been dismissed at the time of sentencing.  He also contends that the sentence is longer than necessary to achieve the sentencing goals stated in 18 U.S.C. § 3553.  Because the 36-month sentence is both procedurally sound and substantively reasonable, we affirm.

## I.

This case arises from a counterfeiting scheme.  Between November 27, 2015 and October 20, 2016, Williams made ten trips to Target stores in northwest Ohio and passed a total of $4,000

in counterfeit U.S. currency.  In 2018, he was charged with "uttering counterfeit obligations" in violation of 18 U.S.C. § 472.  Williams pleaded guilty to all ten counts of the indictment.  With a "total offense level" of 8 and a "criminal history category" of IV, the Sentencing Guideline range for Williams's crime was 10 to 16 months.

At sentencing, the district judge indicated that he was "contemplating a substantial upward variance" from the 10- to 16-month Guideline range "based upon the defendant's lengthy criminal record, the nature of that record, along with the facts and circumstances of this case."  The district judge also observed that, at the time of sentencing, Williams had "pending charges in cases in three different courts."

Williams's attorney opposed the upward variance.  He argued that Williams's criminal record, while lengthy, consisted mostly of minor crimes punishable by less than six months in prison, such as driving with a suspended license and possession of marijuana.  He noted that the charges pending against Williams arose from similar misdemeanors.  In addition, he urged that Williams struggled with poverty and homelessness at the time of the scheme and used the counterfeit money to "basically get by."

The district judge refuted each of those arguments.  He acknowledged that Williams's record contained minor crimes, but he also cited several more serious offenses, including three domestic-violence convictions.  He took note of Williams's difficult personal circumstances, but he ultimately gave more weight to Williams's extensive criminal record, including the fact that Williams faced pending charges in three different courts and had six outstanding arrest warrants. The judge remarked that Williams's criminal history depicted "an individual who over many years has been unable to follow the law."  Finally, the judge observed that Williams's counterfeiting

scheme was especially culpable because it was carried out in ten separate incidents over the course of eleven months.

On that basis, the district judge sentenced Williams to 36 months in prison. In this direct appeal, Williams challenges that sentence.

**II.**

**A.**

Williams argues that the district judge erred procedurally by relying on criminal charges that were pending against him or had already been dismissed at the time of sentencing. Because Williams did not bring this alleged procedural defect to the district court's attention, we review it for plain error. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) ("A party who neglects to make an objection, even after being given 'an opportunity' to do so, forfeits the argument and may obtain relief on appeal only if the error is 'plain' and 'affects substantial rights.'") (citing Fed. R. Crim. P. 52(b)).

In devising a sentence, a judge must "refrain from considering impermissible factors." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). However, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Accordingly, the realm of "impermissible factors" is limited. *See United States v. Robinson*, 898 F.2d 1111, 1115 (6th Cir. 1990) (noting that a sentencing judge's inquiry is "largely unlimited" but that "[s]entences imposed on the basis of material misinformation . . . may violate due process") (citations omitted).

The district judge stated that Williams's sentence should be increased based on criminal charges that were pending against him at the time of sentencing or had already been dismissed.

He first noted that Williams had "six pending cases in three different courts." The pending charges included "[d]riving under suspension, no driver's license, possession of marijuana, criminal mischief, and theft." The district judge then referred to a section of the presentence report titled "Other Criminal Conduct," which listed five prior criminal cases against Williams in which the charges were dismissed or the sentence was vacated. He noted that "most of those cases have been dismissed[,] [b]ut the sheer number of them is interesting to say the least."

Because these pending and dismissed charges form a part of Williams's "background" and "conduct," the district judge properly considered them in determining his sentence. *See* 18 U.S.C. § 3661. The district judge relied on these charges to show that Williams had "ongoing contact with law enforcement." Importantly, he did not assume that Williams was guilty of the charged conduct.

Moreover, the district judge did not use the pending and dismissed charges to increase Williams's "criminal history category" under the Sentencing Guidelines. As Williams correctly notes, "[a] prior arrest record itself shall not be considered for purposes of an upward departure [in a defendant's criminal history category]." USSG § 4A1.3(a)(3). But that's not what happened in this case. Instead, the district judge properly considered Williams's pending and dismissed charges (which Williams equates with his "arrest record") as a part of the basis for a variance from the Sentencing Guideline range. *See United States v. Tristan-Madrigal*, 601 F.3d 629, 635 (6th Cir. 2010) (noting that although "the same facts and analyses can, at times, be used to justify both a Guidelines departure and a variance," the latter involves "a much broader range of discretionary decisionmaking" than the former) (citations omitted).

Accordingly, the district court did not err by considering Williams's pending and dismissed charges as a part of his background and characteristics.

**B.**

Williams argues that his 36-month sentence is longer than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a). We review this alleged error for abuse of discretion. *Rayyan*, 885 F.3d at 442.

A sentencing judge must consider the "circumstances of the offense" and the "characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentence should "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant" and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2). In addition, the court needs to account for the "kinds of sentences available," the applicable Sentencing Guideline range, any pertinent policy statement issued by the United States Sentencing Commission, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* §§ 3553(a)(3)–(6).

A claim that a sentence is substantively unreasonable is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Rayyan*, 885 F.3d at 442. Weighing those factors "is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). When a district court varies above or below the Sentencing Guidelines, we "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Boucher*, 937 F.3d 702, 708 (6th Cir. 2019) (quoting *Gall*, 552 U.S. at 50). Ultimately, we "must give due deference to the district court's decision that the § 3553(a) factors,

on a whole, justify the extent of the variance." *United States v. Lanning*, 633 F.3d 469, 476 (6th Cir. 2011) (quoting *Gall*, 552 U.S. at 51).

The district judge justified the 36-month sentence based on two key factors: (1) Williams's criminal history (including "ongoing contact with law enforcement") and (2) the long-running nature of Williams's counterfeiting scheme. Williams contends that the district judge placed too much emphasis on these factors and not enough weight on a third factor—his challenging personal circumstances. As discussed below, the district judge did not abuse his discretion by concluding that the facts of this case support a 20-month upward variance.

**1.**

The district judge determined that because Williams had a "lengthy record" of crimes punished by short prison terms, a sentence in the 10- to 16-month Guideline range would not be "in any way sufficient to deter this defendant and send the message that if he doesn't comply with the law when he's released that there will be a consequence."

Reviewing the presentence report, the district judge observed that Williams had "a very lengthy criminal history consisting of drug offenses, theft offenses, a sex offense, importuning, contempt, driving under suspension, no valid driver's license [and] . . . convict[ions] on three separate occasions for domestic violence." The district judge went on to note that Williams "violated terms of probation in the past." For these convictions, Williams served short sentences (none exceeding one year) or no prison time at all.

In the district judge's view, the fact that Williams continued to engage in criminal conduct showed that "earlier sentences of probation, community control, or short stints in prison have not served any useful purpose." Because Williams's background suggested that a sentence in the 10- to 16-month Guideline range would have been equally ineffective, the district judge reasonably

concluded that an above-Guidelines sentence was necessary to "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(2)(B), (C).

Williams contends that his criminal history was properly accounted for in his Guideline range, but his criminal record demonstrates that he is not in the "heartland" of defendants with a criminal history category of IV. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (observing that "a district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case 'outside the "heartland" to which the Commission intends individual Guidelines to apply'") (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)). As the district judge observed, the "numerous" offenses in Williams's record show that "over many years" he "has been unable to follow the law." Notably, Williams had thirteen prior convictions that contributed zero points to his "criminal history category" because they were either more than ten years old or not sufficiently serious. Williams also had six prior convictions worth one point each, but only four were counted because the criminal history computation credits a maximum of four single-point offenses.

The district judge also reasonably weighed the charges that were pending against Williams or previously dismissed. As noted above, the district judge did not find that Williams actually committed the charged conduct; he merely relied on the pending and dismissed charges to show that Williams had "ongoing contact with law enforcement." And the record suggests that the district judge did not heavily rely on this factor. When discussing the pending charges, he focused more on the fact that courts had issued arrest warrants due to Williams's failure to appear. Regarding the dismissed charges, the district judge noted only that they were "interesting to say the least."

Accordingly, the district judge properly concluded from Williams's criminal history that an above-Guidelines sentence was necessary to deter him from committing additional crimes.

**2.**

The district judge determined that the long-running nature of Williams's counterfeit scheme reflected his repetitive criminal history and supported an above-Guidelines sentence. summarized above, Williams passed a total of $4,000 in counterfeit currency over the course of ten separate incidents in an eleven-month span. The district judge highlighted the repeat nature of this scheme, noting that it "wasn't a one or two-time activity."

Because Williams's scheme involved ten separate acts of passing counterfeit currency, the district judge reasonably concluded that it was more serious than the typical counterfeiting offense. *See* § 3553(a)(1) (A sentence must "reflect the seriousness of the offense."). Moreover, because the length of the scheme was consistent with Williams's pattern of reoffending, it lent further support to the district judge's conclusion that a sentence of 10 to 16 months would not adequately deter Williams.

In this regard, the Sentencing Guidelines failed to fully account for the nature of Williams's counterfeiting scheme. Although the offense level of a counterfeiting conviction increases with the amount of money involved, it does not increase based on the number of instances involved. *See* USSG § 2B5.1. Passing $4,000 in ten separate instances results in the same offense level as passing $4,000 in a single transaction. Therefore, the district judge reasonably concluded that the long-running nature of Williams's scheme placed it outside of the "mine run" counterfeit offense.

**3.**

Finally, Williams contends that the district judge failed to consider mitigating factors, including his financial struggles at the time of his offense, remorse, and timely acceptance of his responsibility.

To the contrary, a review of the sentencing transcript shows that the district judge did consider these factors and simply determined that they did not warrant a lower sentence. During the sentencing hearing, Williams's attorney urged that he "accepted full responsibility," that he was "remorseful for his actions," that in 2015 he was homeless, and that "at least some of the items purchased [during the counterfeit scheme] were . . . diapers [and] household essentials for his significant other and [her] child." However, the district judge observed that Williams "described his childhood in positive terms," and it was conceded that Williams also used counterfeit money to buy electronics.

Because Williams failed to establish that his background was substantially less culpable than the average offender's, the district judge properly weighed this factor.

**III.**

Therefore, we **AFFIRM** the district court's 36-month sentence.