NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0220n.06

No. 21-2967

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jun 02, 2022<br>DEBORAH S. HUNT, Clerk |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JIMMY POWELL-GRIFFIN, | ) | DISTRICT OF MICHIGAN |
| *Defendant-Appellant.* | ) | |
| | ) | OPINION |
| | ) | |

Before:  BOGGS, COLE, and GRIFFIN, Circuit Judges.

BOGGS, Circuit Judge.  Jimmy Powell-Griffin appeals his sentence following his conviction as a felon in possession of a firearm.  After a disturbance at a bar, police arrested Powell-Griffin and found him with drugs and a loaded gun.  He pleaded guilty to the gun charge, and the district court sentenced him to 78 months of imprisonment—within the range recommended by the Sentencing Guidelines.  On appeal, the defendant raises a single issue: whether the court plainly erred in considering certain factors when imposing the sentence.  We affirm.

**BACKGROUND**

Jimmy Powell-Griffin was released from a term of imprisonment for being a felon in possession of a firearm.  Eighty-three days later, he caused a disturbance at a bar in Jackson, Michigan—while in possession of a loaded pistol.  When police arrived, they searched Powell-Griffin and found the gun, along with drugs and drug paraphernalia.  He was again charged with a felon-in-possession offense, as well as possession with intent to distribute cocaine.  Powell-Griffin pleaded guilty only to the gun charge, but he did not enter into a plea agreement under Federal

Rule of Criminal Procedure 11, meaning that the government reserved the right to pursue the drug charges and Powell-Griffin preserved his right to appeal any sentence. Based in part on his lengthy criminal history, the presentence investigation report calculated a recommended range of 70 to 87 months of imprisonment according to the Sentencing Guidelines.

At sentencing, the government sought a term of imprisonment at the top of the range, which the district court did not find necessary after considering the 18 U.S.C. § 3553(a) factors. Instead, the appropriate sentence was "more modest but still very firm," with an aim to achieve deterrence. The court referenced Powell-Griffin's "history of experiences with the criminal justice system, which is lengthy, persistent and which has a pattern." The court elaborated: "The pattern tends to involve firearms.[1] Nobody has been shot and killed yet, but without firm court intervention, it is my view that this defendant has a relatively high likelihood of propensity of being involved in a shooting tragedy with dire consequences, either to him or somebody else." Referencing the fact that Powell-Griffin's father was serving a life sentence in prison, the court also stated: "If he wants to be like his father and live out his years in the penitentiary system . . . his constant association with illegal firearms or the illegal possession of firearms is certainly going to enhance the likelihood, increase the likelihood of that outcome." The court sentenced Powell-Griffin to 78 months of imprisonment followed by 2 years of supervised release, within the Guidelines range.

Powell-Griffin now appeals, claiming that the district court's statements regarding his likelihood of committing a future firearm offense and ending up like his father were improperly speculative and not based on facts in the record.

---

[1] Prior to the instant case, Powell-Griffin was convicted in Michigan state court of one felon-in-possession offense and two separate instances of carrying a concealed weapon.

## ANALYSIS

A claim that a defendant was improperly sentenced based on inaccurate information is a challenge to a sentence's procedural reasonableness. *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015) ("A sentence is procedurally unreasonable if, among other things, the district court . . . selects a sentence based on clearly erroneous facts . . . ." (cleaned up)). Because Powell-Griffin raises this claim for the first time on appeal, we review for plain error—error "so plain that the trial judge was derelict in countenancing it." *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc) (cleaned up).

We find no such error here. The district court referenced two of the § 3553(a) factors as "most important" in handing down its sentence—deterrence and just punishment—and Powell-Griffin's arguments regarding his future likelihood of committing firearm-related offenses fall into the former category. *See* 18 U.S.C. § 3553(a)(2)(A)–(B). The district court associated deterrence with Powell-Griffin's "responsibility to act as an adult citizen, a law-abiding citizen and to avoid his association with firearms." The § 3553(a)(2)(B) deterrence at issue in this case is therefore specific deterrence, which "looks to dissuade an individual defendant from committing future crimes," rather than general deterrence, which "aims to have the same effect on the population at large." *United States v. Boucher*, 937 F.3d 702, 710 (6th Cir. 2019) (cleaned up). It was proper for the district court to consider the fact that this was Powell-Griffin's fourth firearm-related conviction, and that continued unlawful possession of firearms can lead to "a shooting tragedy with dire consequences, either to him or somebody else"—including the consequence of life imprisonment, as was the case with Powell-Griffin's father. With this in mind, the court reasoned that a longer sentence would be necessary to ensure that Powell-Griffin was adequately deterred from a future offense.

Although Powell-Griffin does not suggest as much, it could be argued that specific consideration of his past offenses in the context of deterrence was improper, because past offenses are already taken into account through the criminal history section of the Guidelines. *E.g.*, *United States v. Kirchhof*, 505 F.3d 409, 415 (6th Cir. 2007) (explaining, in the context of an exemplary personal record, that a "lack of prior criminal history was already taken into account in calculating [defendant's] guidelines range"). But even prohibited factors may "still be relevant insofar as they bear some connection to permissible considerations," such as specific deterrence. *See Boucher*, 937 F.3d at 711 (cleaned up). Indeed, the need to deter a defendant "from committing other crimes" includes whether "he would get himself involved in anything like this again." *Id.* at 710 (cleaned up). Therefore, even if it could be considered improper in the abstract for the district court to discuss the likelihood of Powell-Griffin's using firearms in the future, that discussion was sufficiently tied to specific deterrence that the sentence imposed here was not plainly erroneous.

## CONCLUSION

For the reasons above, the judgment of the district court is **AFFIRMED**.